449 A.2d 636

## COMMONWEALTH of Pennsylvania

v.

**James TOLASSI, James Shirley, Robert Layton, Jr., Joseph Taylor, Richard McClain, Jack Yocum, Joseph O'Brien, Michael Dolinski, Michael O'Brien, Max Hinkel, III, and Russ Columbo, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1981.

Filed Aug. 13, 1982.

Petition for Allowance of Appeal
Denied Nov. 5, 1982.

Robert F. Simone, Philadelphia, for appellants.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

SPAETH, Judge:

These appeals are from orders dismissing appellants' petitions to vacate their sentences as illegal. We affirm.

Appellants were tried together in 1974 on charges arising from a labor dispute. Eight of them were convicted of rioting, malicious destruction of fences, and conspiracy; the remaining three—appellants Tolassi, Dolinski, and Michael O'Brien—were convicted of rioting and conspiracy but acquitted of malicious destruction of fences. The eight were each sentenced as follows: for rioting, one to three years imprisonment, $1,000 fine, and one-eleventh of the costs of

prosecution; for malicious destruction of fences, three to six months imprisonment, concurrent with the term of imprisonment for rioting, $50 fine, and one-eleventh of the costs of prosecution; and for conspiracy, two years probation, to follow the term of imprisonment, $500 for the use of the county, to be paid during the first three months of the probationary period, and one-eleventh of the costs of prosecution. The three were each sentenced, for rioting, to nine months to two years imprisonment, $1,000 fine, and one-eleventh of the costs of prosecution for rioting, and for conspiracy, to two years probation, to follow the term of imprisonment, $500 for the use of the county, to be paid during the first three months of the probationary period, and one-eleventh of the costs of prosecution.

On direct appeal the judgments of sentence were affirmed by this court and the Supreme Court. *Commonwealth v. Tolassi*, 258 Pa.Superior Ct. 194, 392 A.2d 750 (1978), *aff'd*, 489 Pa. 41, 413 A.2d 1003 (1980). On direct appeal, appellants did not challenge the propriety or legality of their sentences. However, within a matter of weeks after the record of their cases was returned by the Supreme Court to the lower court, and two days after they began serving their sentences, they filed petitions to vacate the sentences as illegal. These appeals are from the lower court's orders dismissing those petitions.

Appellants argue that their sentences are illegal because the lower court did not order pre-sentence reports or state of record its reasons for not doing so; because the sentences are uniform instead of individual, that is, appellants convicted of the same crimes received the same sentences, without reference to differences in their individual backgrounds; and because the lower court did not state of record its reasons for the sentences. We find no merit in these arguments.

It is true that under current law, when incarceration for one year or more is a possible sentence the lower court must state of record its reasons for not ordering a pre-sentence report. Pa.R.Crim.P. 1403(A)(2). It is also true that the

combined effect of *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), and *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), is that sentences may not be uniform but must be individual, and that the lower court must state of record its reasons for the sentences. *And see* Pa.R.Crim.P. 1405(b); 42 Pa.C.S.A. § 9721(b). These requirements, however, were not in effect when appellants were sentenced, on September 3, 1975, and we see no reason to give appellants the benefit of them now.

■ When the law applicable to a case changes while the case is pending on direct appeal, an appellant may argue that he should have the benefit of that change, for he is in the position of making the argument at his first opportunity. *Tice v. Nationwide Life Ins. Co.*, 284 Pa.Superior Ct. 220, 230–36, 425 A.2d 782, 787–91 (1981) (concurring opinion by SPAETH, J.) (collecting cases and reviewing the development of the law). Thus it has been argued—successfully— that the requirement of *Riggins* that the lower court state of record its reasons for the sentence should be applied where the sentence was pre-*Riggins* but, pending appeal, *Riggins* was filed. *Commonwealth v. Jefferson*, 484 Pa. 115, 398 A.2d 971 (1979); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Steward*, 276 Pa.Superior Ct. 64, 419 A.2d 96 (1980); *Commonwealth v. Young*, 272 Pa.Superior Ct. 82, 414 A.2d 679 (1979). Appellants, however, did not proceed in this way. They did not argue *Martin* or *Riggins* or complain about the absence of a pre-sentence report, when their cases were on appeal. Instead, they waited until after their appeals had been heard and their sentences affirmed. It was only after starting to serve their sentences that appellants made the arguments they urge upon us now, by filing petitions to vacate the sentences as illegal. That was too late. By then appellants had waived their arguments. The lower court therefore properly dismissed their petitions.

■ Appellants seek to avoid this result by invoking the principle that the illegality of a sentence is not subject to waiver. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d

227 (1976). This principle, however, does not save them, for it does not embrace the sort of defects that appellants complain about.

Typically, the sort of defect that is not subject to waiver—which is what is really meant by saying that a sentence is "illegal"—will appear on the face of the record and will go to the power of the court to impose sentence. Thus the sentence may be outside the statutory limits for the crime of which the defendant was convicted. *Commonwealth v. Brunner*, 243 Pa.Superior Ct. 55, 364 A.2d 446 (1976). Or it may appear that there was no finding of guilt to support the sentence. *Commonwealth v. Paige*, 287 Pa.Superior Ct. 133, 429 A.2d 1135 (1981). Or the defendant may have been sentenced separately for two inchoate offenses where only one ultimate crime was intended. *Commonwealth v. Martinez*, 293 Pa.Superior Ct. 260, 438 A.2d 984 (1981). Sometimes the claim is that convictions of two separate crimes should merge for sentencing because there was only one criminal act. In such a case, whether the sentence is illegal depends on whether it is clear from the indictment that there was only one criminal act, in which case the defect is apparent on the face of the record and the sentence is illegal. *Commonwealth v. Walker, supra.* If it can not be determined from the indictment whether there was only one criminal act, the defect is not apparent and the claim that the sentence was improper is subject to waiver. *Commonwealth v. McCabe*, 242 Pa.Superior Ct. 413, 364 A.2d 338 (1976), *aff'd per curiam*, 479 Pa. 273, 388 A.2d 323 (1978).

The requirements that the lower court must state of record its reasons for not ordering a pre-sentence report, Pa.R.Crim.P. 1403(A)(2); that sentences must not be uniform but individualized, *Commonwealth v. Martin, supra; Commonwealth v. Riggins, supra*; and that the lower court must state of record its reasons for the sentence, *Commonwealth v. Riggins, supra*; Pa.R.Crim.P. 1405(b), are all requirements intended to improve the quality of sentencing and to aid appellate review. They do not implicate the power of the court to impose sentence, and the failure to

comply with them does not render a sentence "illegal" within the principle that the illegality of a sentence is not subject to waiver, any more than a judge's failure to make a correct evidentiary ruling makes the resulting verdict "illegal." Thus we have repeatedly held that the claim that a sentence should be vacated because of the lower court's failure to state of record its reason for the sentence will be waived if not made in a motion to modify the sentence, filed pursuant to Pa.R.Crim.P. 1410. *Commonwealth v. Walton*, 289 Pa.Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Turecki*, 278 Pa.Superior Ct. 511, 420 A.2d 658 (1980); *Commonwealth v. Morris*, 273 Pa.Superior Ct. 477, 417 A.2d 748 (1979), *rev'd on other grounds*, 492 Pa. 565, 424 A.2d 1336 (1981). Any other result would be inconsistent with the principle of *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), that even claims of "fundamental error" may be waived.

Affirmed.