471 A.2d 555

**COMMONWEALTH of Pennsylvania**

**v.**

**Carl Terry MASON, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 8, 1983.

Filed Dec. 30, 1983.

Reargument Denied March 6, 1984.

William Roy Shaffer, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

SPAETH, Judge:

Appellant was convicted by a jury of robbery. On appeal from the judgment of sentence, he argues (1) that he should be granted a new trial because a tipstaff refused the jury's request to see an exhibit, without informing the trial court

of the request; or (2) that if a new trial is denied, the case should be remanded for resentencing because the sentencing judge did not adequately state of record the reasons for the sentence. We agree that the action of the tipstaff was error, but find that it was harmless. Appellant's second argument has been waived. We therefore affirm.

Appellant was charged with committing an armed robbery at the L'il Shopper in Slippery Rock, Pennsylvania, on February 2, 1981. At the trial, on June 25, 1981, the Commonwealth's evidence consisted primarily of the testimony of the cashier, who said that the man who robbed her was wearing a red ski mask and a denim jacket, N.T. 8–9; the testimony of the investigating officer, Thomas Eckels, who noticed distinctive footprints in the snow outside the store, and later noticed that, when arrested, appellant was wearing boots that would leave similar prints, N.T. 25–26, 28–29, 36–37, 38; and the testimony of an informant, who said that appellant had admitted to him that he was responsible for the robbery, N.T. 50. In addition, the left boot and denim jacket that appellant was wearing when arrested were admitted into evidence and sent out with the jury. Appellant offered two principal witnesses: his mother, who said that she had seen appellant go to bed about an hour before the robbery, N.T. 86, and that he could not have left the house without being seen, N.T. 87; and appellant himself, who gave the same account of his activities as his mother did, N.T. 97–98.

Appellant's argument for a new trial arises out of a conversation that a juror had with a tipstaff after deliberations had begun. An evidentiary hearing was held on August 21, 1981 at which time the juror testified that:

A. I went to the door and requested of the tipstaffs that we have the search warrant and some notes that Officer Eckles [*sic;* Eckels] had made the evening of the robbery of the Little Shopper.

Q. And what did the tipstaff reply to you?

A. We were told that we were not permitted to have the evidence.

N.T. 3 (8/21/81).

The tipstaff did not advise the juror that if the juror would put the jury's request in writing, he would give it to the trial judge; nor did the tipstaff inform the judge of his conversation with the juror.

■ The behavior of the tipstaff was clearly erroneous. In his charge to the jury the trial judge had said:

If a question arises during your deliberations, write out the question and send it to the court by way of a tipstaff. When everyone has reassembled in the courtroom we will return to the courtroom and answer the question.

N.T. 127.

It was the tipstaff's duty to follow this procedure. But the tipstaff's error went further. At the close of the evidence there was some discussion of the exhibits. This discussion was not transcribed, but at a later evidentiary hearing the trial judge's "recollection" was that the substance of the discussion was that he had declined to rule on whether the documentary exhibits should be sent to the jury room because they may have contained prejudicial matter, and that his "instructions" were that if the jury requested an exhibit, he "would answer the question in open court." N.T. 10–11 (8/21/81). Thus, in telling the jury that it could not have Officer Eckels's notes, the tipstaff, in effect, made his own evidentiary ruling.

■ Having found error, we must decide whether it was harmless. Error can be harmless only if the Commonwealth proves beyond a reasonable doubt that the error is harmless. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).

[A]n error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a " 'reasonable possibility' " that an error " 'might have contributed to the conviction,' " the error is not harmless. *Commonwealth v. Davis,* 452 Pa. [171] at 178, 305 A.2d [715] at 719, quoting *Chapman v. California,* 386 U.S. [18] at 24, 87 S.Ct. [824] at 828 [17 L.Ed.2d 705 (1967)].

*Id.,* 476 Pa. at 409, 383 A.2d at 164.

A review of the record convinces us beyond a reasonable doubt that there is no reasonable possibility that the tip-staff's error contributed to the jury's verdict. The exhibit in question, as we have indicated, was the investigating officer's handwritten notes regarding the robbery. In them, he records his actions in following the only set of footprints in the snow in the direction the cashier said the robber fled. Also, he describes the approximate length and width of the prints, and notes that there were "cut marks or a small piece out of it" on the sole of the left boot. Cmw.Ex. 1. This part of the notes was read into the record by the officer. N.T. 28–29. If the jury had been given the exhibit, the only reasonable possibility is that it would have corroborated the officer's testimony—an effect that could in no way aid appellant.

Appellant argues that if given the exhibit, the jury might have concluded from it that it was not made shortly after the robbery, but perhaps as late as the preliminary hearing. Brief for Appellant at 9. Specifically, appellant says, "The issue is the credibility of Officer Eckels and whether he made the notes behind the scene of the crime in the blowing snow or sometime later, perhaps as late as after the preliminary hearing." *Id.* After looking at the exhibit, we fail to see how the jury could possibly have reached any conclusion as to when it was made. What appellant's argument comes down to is this: Since the officer said he made his notes at the scene, and since it was snowing, the notes would have gotten wet. If the jury had seen the notes, they would have seen nothing to suggest that the notes had gotten wet. From that, they would have concluded that the officer was lying about when he made his notes. The argument seems to us close to being frivolous. Its underlying assumption— that the notes would have gotten wet, and so wet as to wrinkle the paper—is mere speculation.

–2–

■ Appellant was sentenced on October 13, 1981. Pa.R. Crim.P. 1410 requires that a motion to modify a sentence be

filed with the sentencing court within ten days after imposition of sentence. Appellant's motion to modify was filed on December 3, 1981. We therefore will not consider appellant's argument that the sentencing judge did not adequately state of record the reasons for the sentence, for by failing to file a timely motion to modify, appellant has waived that argument. *Commonwealth v. Walls*, 248 Pa. Superior Ct. 335, 375 A.2d 125 (1977), *aff'd* 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Tolassi*, 303 Pa.Superior Ct. 177, 449 A.2d 636 (1982).

Affirmed.