## Commonwealth v. Hitchon

*Diane E. Gibbons,* for the Commonwealth.
*Stanley M. Shingles,* for defendant.

BIESTER, *J.,* June 19, 1986—Following a jury trial in September of 1984, defendant was convicted of possessing an offensive weapon in violation of section 908 of the Pennsylvania Crimes Code, 18 Pa.C.S. §908. In post-trial motions, defendant asserts he is entitled to a new trial because his prior criminal record was inadvertently sent out with the jury when it commenced deliberations.

Defendant's criminal record was included in a packet of discovery material which the Commonwealth had provided defense counsel. A dispute arose at defendant's trial when the Commonwealth attempted to introduce an oral statement defendant made to the police and defense counsel objected, asserting that the Commonwealth's covering letter affixed to the discovery packet appeared to indicate that the Commonwealth possessed no such statement.

Defense counsel produced the covering letter and discovery packet in support of his objection. The trial court deferred ruling on defense counsel's objec-

tion and requested that the latter be incorporated into the record for future review. Both the letter and the attached discovery material were provided the court reporter and marked as court exhibit 1.

When the jury retired to deliberate, the court reporter inadvertently sent out with the jury all documentary evidence, including court exhibit 1. Shortly thereafter, one of the jurors returned the exhibit to the tipstaff. The error was not revealed to the court or counsel until the day after the jury rendered its verdict.

Character evidence in the nature of "other cirmes" committed by a defendant is generally inadmissible. Commonwealth v. Shirey, 333 Pa. Super. 85, 481 A.2d 1314 (1984). There is no contention that one of the narrow exceptions to the rule applies to the present circumstances; rather, it is acknowledged that the evidence impermissibly reached the jury.

When the jury learns of inadmissible character evidence, a new trial is warranted unless the error is harmless. Commonwealth v. Mason, 324 Pa. Super. 244, 471 A.2d 555 (1983); Commonwealth v. Elmore, 323 Pa. Super. 540, 471 A.2d 76 (1983). The Commonwealth has the burden of proving beyond a reasonable doubt that there is no reasonable possibility that the error could have contributed to the jury's verdict. Commonwealth v. Mason, supra. On the record before us, we find it impossible to conclude that defendant's rights were not prejudiced by the disclosure of his criminal record to the jury. Rather, it is likely that the inadvertent disclosure of this evidence created a substantial risk of eroding the presumption of innocence and denying defendant an impartial jury.

The Commonwealth asserts that, to enable it to meet its burden of proof on the issue of harmless error, we should permit it to interview the jurors to determine whether they actually viewed defendant's criminal record and, if so, to what extent it affected their verdict. We do not believe the law of this Commonwealth permits such recourse.

In Commonwealth v. Bobko, 453 Pa. 475, 309 A.2d 576 (1973), the jury was provided, prior to the trial, with a trial booklet indicating that defendant and his co-defendants were under indictment for charges unrelated to the subject prosecution. On the basis of this evidence alone, the Pennsylvania Supreme Court found prejudicial error and reversed the conviction, granting a new trial.

In Commonwealth v. Santiago, 456 Pa. 265, 318 A.2d 737 (1974), the court awarded a new trial based upon a witness' statement to jurors that "[defendant] has killed an innocent boy and it isn't the first one he has killed . . . ." The court observed: ". . . we know, without speculation that three jurors during the trial did received improper judicial information."

The court contrasted Santiago with its previous decisions in Bobko, supra, as well as in Commonwealth v. Stewart, 449 Pa. 50, 295 A.2d 303 (1972), and the decision of the United States Supreme Court in Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L. Ed. 2d 424 (1965). In the latter three cases, the court noted with approval, the convictions were reversed "even though there was no certainty that any improper prejudicial information had actually been communicated to any jurors. In those cases, contacts with the jury occurred which *may have resulted* in the communication of prejudicial

information to jurors." Santiago, 456 Pa. at 269, 318 A.2d at 739. (Emphasis added.) Thus, it was deemed inconsequential that there was no evidence in Bobko that any jurors had read the trial booklet, or, in Turner, that the prosecution witnesses, who were deputy sheriffs and in constant contact with the jury, actually discussed the case with the jurors. Rather, the courts have found it sufficient that the contact occurred, for then prejudice could be presumed. Santiago, 456 Pa. 269, 318 A.2d at 740. See also Commonwealth v. Syre, 348 Pa. Super. 110, 114, 501 A.2d 671, 673 (1985) (when the subject matter of the ex parte contact with the jury is somehow related to the case before them, such "reasonable likelihood" of prejudice is automatically found).

The inquiry proposed by the Commonwealth is especially inappropriate in the present case. A juror returned the exhibit to the Tipstaff some time after deliberations commenced, thus at least this juror and most probably others had perused the documents in the exhibit sufficiently to ascertain that its delivery to the jury was unintended. Further, the jury's prompt return of the exhibit may signify they realized some impropriety in their observation of the exhibit due to its content. These circumstances provide evidence of actual prejudice; however, as demonstrated above, prejudice to defendant can be presumed merely from the jury's contact with his criminal record.

Wherefore, we enter the following

## ORDER

And now, this June 19, 1986, it is hereby ordered, directed and decreed that defendant's conviction is reversed and a new trial is granted.