544 A.2d 1005

**COMMONWEALTH of Pennsylvania**

v.

**Patrick John SMICKLO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1988.

Filed July 5, 1988.

450

Michael Handler, Assistant Public Defender, Indiana, for appellant.

Pamela Miller, Assistant District Attorney, Indiana, for Com., appellee.

Before BROSKY, WIEAND, McEWEN, OLSZEWSKI, BECK, TAMILIA, KELLY, POPOVICH and JOHNSON, JJ.

BECK, Judge:

This is an appeal by John Smicklo from a prison sentence imposed by the Court of Common Pleas of Indiana County. We conclude that the judgment of sentence must be affirmed.

John Smicklo was arrested and charged with stealing a lawn tractor valued at over two thousand dollars from the Burrell Township Elementary School on November 18, 1985. He pleaded guilty to theft by unlawful taking[1] and receiving stolen property[2] as felonies of the third degree. On August 4, 1986, the Honorable W. Parker Ruddock sentenced Smicklo under the Youth Offenders Act (which was subsequently repealed, effective February 9, 1987).[3] In accordance with the provisions of the Act, the Judge imposed no minimum term of confinement, and imposed a maximum term of confinement of six years to be served at the State Correctional Institutional at Camp Hill. *See* Pa. Stat.Ann. tit. 61 §§ 484, 485. Smicklo filed a motion to modify sentence which was denied. He appealed to this court, and the case was certified for en banc review.

Appellant contends that the trial judge did not have authority to sentence him under the Youth Offenders Act because the Act was invalid as a sentencing statute. He claims that the Youth Offenders Act, which prohibits a minimum sentence, is inconsistent with the 1982 Sentencing Guidelines, which specify suggested ranges of minimum sentences.[4] We recently rejected this argument in *Com-*

1. 18 Pa.Cons.Stat.Ann. § 3921(a) (Purdon 1983).

2. 18 Pa.Cons.Stat.Ann. § 3925(a) (Purdon 1983).

3. Youth Offenders Act, Act of April 28, 1887, P.L. 63, § 6, as amended, Pa.Stat.Ann. tit. 61, §§ 483–495 (Purdon 1964), *repealed by* Act of Dec. 11, 1986, P.L. 1521, No. 165, § 10, effective in 60 days.

4. The 1982 Sentence Guidelines, 204 Pa.Code ch. 303, were invalidated by the Pennsylvania Supreme Court in *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987). In *Commonwealth v. Sanchez,* 372

*monwealth v. Smith*, 375 Pa.Super. 419, 544 A.2d 991 (1988) (en banc). As we noted in *Smith*, "A judge could fulfill his responsibilities under both the guidelines and the Act by: 1) considering the minimum sentence range suggested by the guidelines; 2) stating on the record his reasons for deviating from the guidelines and applying the Act; and 3) imposing a sentence without a minimum term of confinement." *Id.*, 375 Pa.Super. at 430, 544 A.2d at 997. Therefore, the Act and the guidelines are not in conflict. Since appellant qualified for sentencing under the Act and was sentenced before the repeal of the Act, the trial judge had authority to invoke the Act and impose a sentence with no minimum limit.

 Appellant also maintains that the trial court erred by failing to state on the record his reasons for not sentencing under the guidelines.[5] We must determine at the outset

Pa.Super. 369, 539 A.2d 840 (1988), an en banc panel of this court recently held that the *Sessoms* Court's invalidation of the guidelines applies retroactively only to cases in which a constitutional challenge to the guidelines has been properly preserved at all stages of adjudication up to and including any direct appeal. *Id.*, 372 Pa.Super. at 373 n. 7, 539 A.2d at 842 n. 7. No constitutional challenge of any kind was preserved in the instant case.

We note that a new set of sentencing guidelines was recently promulgated by the Pennsylvania Commission on Sentencing. *See* 17 Pennsylvania Bulletin 5012 (Dec. 5, 1987). These new guidelines apply only to sentencing for offenses committed after April 25, 1988.

5. The parties agree that appellant had a prior record score of "0" and an offense gravity score of "5". For this combination, in the absence of aggravating or mitigating factors, the guidelines recommend a minimum sentence of "0–12" months. It must be noted, however, that a minimum sentence of "0" months is not the same as no minimum sentence at all.

The guidelines state that all "sentence ranges are months of minimum confinement as defined in 42 Pa.C.S. §§ 9755(b) and 9756(b) (relating to partial and total confinement)." 204 Pa.Code § 303.9(a). Sections 9755(b) and 9756(b) both provide: "The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." This language in section 9756(b) has been interpreted as requiring that every sentence of confinement imposed by a court must have a specific and definite minimum length; a prison sentence with no minimum is not permitted under the Sentencing Code. *Commonwealth v. Smith*, 375 Pa.Super. at 430–431, 544 A.2d at 997. *Commonwealth v. Baughman*, 333 Pa.Super. 458, 482 A.2d 658 (1984). Since the guidelines must be construed with refer-

whether this issue implicates a discretionary aspect of the sentence or the legality of the sentence. A challenge to the legality of a sentence may be appealed as of right and cannot be waived. On the other hand, we cannot reach the merits of a discretionary sentencing issue unless we find: 1) that the issue was properly preserved in the trial court; 2) that the appellant has filed a brief with this court which does not contain a fatal defect; and 3) that the issue presents the appearance of a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Smith*, 375 Pa.Super. at 435, 544 A.2d at 998; *see Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

■ We find that appellant Smicklo's second claim involves a discretionary aspect of sentence rather than a question of sentence legality. "A legality issue is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down.... A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes." *Commonwealth v. Smith*, 375 Pa.Super. at 426, 544 A.2d at 994. As we have noted, appellant's sentence of no minimum term and six years maximum term was specifically authorized by the Youth Offenders Act, and the Act was in force at the time of appellant's sentencing hearing. We therefore conclude that the judgment of sentence was not illegal.

By characterizing appellant's second claim as "discretionary", we do not mean to imply that the trial court need not explain its reasons for departing from the guidelines. The

ence to section 9756(b), and since section 9756(b) prohibits sentences of confinement with no minimum limit, the guidelines recommendation of "0" months minimum confinement cannot be viewed as authorizing a sentence of confinement with no minimum term. The guidelines recommendation of "0" months minimum confinement could be interpreted as authorizing either a sentence of non-confinement, or a sentence of confinement with some definite minimum length that is less than one month. However, by imposing a sentence of confinement with no minimum term pursuant to the Youth Offenders Act, the trial court clearly deviated from the sentencing guidelines.

trial court has been directed by the legislature to state on the record its reasons for deviating from the guidelines, and the trial court's failure to provide such a statement is cause for vacating and remanding a judgment of sentence. 42 Pa.Cons.Stat.Ann. § 9721(b) (Purdon 1982).[6] However, it does not follow that the failure to state reasons for sentencing outside the guidelines implicates the court's power to impose a legislatively mandated sentence. It must be emphasized that not every error committed during the course of the sentencing hearing is sufficient to divest the trial court of jurisdiction. *See, Commonwealth v. Krum,* 367 Pa.Super. 511, 513–14, 533 A.2d 134, 135 (1987) (en banc) (consideration of impermissible factor does not render sentence illegal). *See generally Commonwealth v. Hartz,* 367 Pa.Super. 267 at 285–89, 532 A.2d 1139 at 1148–1149 (1987) (Cirillo, P.J., concurring) (collecting cases on waiver).

In *Commonwealth v. Tolassi,* 303 Pa.Super. 177, 449 A.2d 636 (1982), we considered the analogous question of whether the trial court's failure to give an overall statement of reasons for the sentence imposed, as required by the Pennsylvania Supreme Court's decision in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), resulted in an illegal sentence.[7] This court held in an opinion by former President Judge Spaeth that:

> The requirements that the lower court must state of record its reasons for not ordering a pre-sentence report, Pa.R.Crim.P. 1403(A)(2); that sentences must not be uni-

**6.** Section 9721(b) of the Code provides in part:
> In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to section 2154 (relating to adoption of guidelines for sentencing) and made effective pursuant to section 2155, the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating sentence and resentencing the defendant.

**7.** This requirement was subsequently incorporated into section 9721(b) of the Sentencing Code. *See* n. 6, *supra.*

form but individualized, *Commonwealth v. Martin,* [466 Pa. 118, 351 A.2d 650 (1976)]; *Commonwealth v. Riggins, supra;* and that the lower court must state of record its reasons for the sentence, *Commonwealth v. Riggins, supra;* Pa.R.Crim.P. 1405(b), are all requirements intended to improve the quality of sentencing and to aid appellate review. They do not implicate the power of the court to impose sentence, and the failure to comply with them does not render a sentence "illegal" within the principle that the illegality of a sentence is not subject to waiver, any more that a judge's failure to make a correct evidentiary ruling makes the resulting verdict "illegal." Thus we have repeatedly held that the claim that a sentence should be vacated because of the lower court's failure to state of record its reasons for the sentence will be waived if not made in a motion to modify sentence, filed pursuant to Pa.R.Crim.P. 1410.... Any other result would be inconsistent with the principle of *Commonwealth v. Clair,* [458 Pa. 418, 326 A.2d 272 (1974)], that even claims of "fundamental error" may be waived.

303 Pa.Super. at 180–82, 449 A.2d at 638.

■ Since *Tolassi,* we have customarily treated claims relating to statement of reasons requirements not as challenges to sentence legality but rather as challenges to discretionary aspects of a sentence. We have reaffirmed the holding that such claims are waived unless raised before the trial court in a motion to modify sentence. *See, e.g., Commonwealth v. Martin,* 328 Pa.Super. 498, 477 A.2d 555 (1984) (en banc); *Commonwealth v. Warden,* 335 Pa.Super. 315, 484 A.2d 151 (1984). We have also found that such claims are not appealable as of right, and are subject to the Pennsylvania Supreme Court's decision in *Commonwealth v. Tuladziecki, supra. See, e.g., Commonwealth v. Johnson,* 373 Pa.Super. 312, 328–330, 541 A.2d 332, 340 (1988); *Commonwealth v. Sanchez,* 372 Pa.Super. 369, 539 A.2d 840 (1988) (en banc); *Commonwealth v. Thomas,* 370 Pa. Super. 544, 537 A.2d 9, 12 (1988); *Commonwealth v. Losch,* 369 Pa.Super. 192, 535 A.2d 115 (1987); *Commonwealth v. Osborn,* 364 Pa.Super. 505, 528 A.2d 623, 630 (1987); *Com-*

*monwealth v. Thomas,* 363 Pa.Super. 348, 354–55, 526 A.2d 380, 383 (1987).

In *Tuladziecki,* the Court emphasized the importance of compliance with Pennsylvania Rule of Appellate Procedure 2119(f). Rule 2119(f) directs the appellant to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence." Appellant's brief does not contain a Rule 2119(f) statement. This court will overlook a Rule 2119(f) violation where the appellee has failed to object to the defect. *Commonwealth v. Krum, supra.* In this case, however, the Commonwealth specifically objected to the defect. Supplemental Brief of Appellee at 3–4. Therefore we will not consider whether the trial court provided a sufficient statement of reasons for sentencing appellant outside the guidelines.

Judgment of sentence affirmed.

KELLY, J., files a concurring and dissenting opinion.

KELLY, Judge, concurring and dissenting:

I agree with the majority that the Youth Offenders Act was not impliedly repealed by adoption of the Sentencing Guidelines. I also agree that a sentence under the Youth Offenders Act is a sentence "outside" the guidelines, is subject to the written statement requirement of 42 Pa.C. S.A. § 9721(b) and 204 Pa.Code § 303.1(h), and is reviewable under 42 Pa.C.S.A. § 9781(b) and 9781(c)(3). *See Commonwealth v. Felix,* 372 Pa.Super. 145, 154 n. 4, 539 A.2d 371, 375 n. 4 (1988).

I do not agree that: 1) if the Commonwealth fails to raise a challenge to an appellant's failure to comply with Pa.R. A.P. 2119(f), that procedural defect is waived and will be ignored; and, 2) if the Commonwealth properly raises a challenge to an appellant's failure to comply with Pa.R.A.P. 2119(f), appellant's challenge to the discretionary aspects of sentence must be deemed to have been waived. Those pronouncements improperly and unduly restrict this Court's inherent discretionary authority to enforce the rules of procedure *sua sponte,* and to decide in our sound discretion

what the proper response to a procedural defect is in a particular case. *See Commonwealth v. Zeitlen*, 366 Pa.Super. 78, 81–86, 530 A.2d 900, 902–04 (1987) (Kelly, J., joining and concurring); *see also Commonwealth v. Graham*, 372 Pa.Super. 365, 367, 539 A.2d 838, 839 (1988); *Commonwealth v. Felix, supra*, 372 Pa.Super. at 155, 539 A.2d at 376 (1988); *Commonwealth v. Douglass*, 370 Pa.Super. 104, 106, 535 A.2d 1172, 1174 (1988); *Commonwealth v. Pickford*, 370 Pa.Super. 444, 453, 536 A.2d 1348, 1356–57 (1987) (Kelly, J., concurring and dissenting).

In the instant case, appellant argues that the trial court failed to comply with the written statement requirement of 42 Pa.C.S.A. § 9721 and 204 Pa.Code § 303.1(h). This issue was properly preserved by a timely motion to modify sentence, timely notice of appeal, and inclusion of the issue in the statement of questions presented. However, counsel failed to include the required Pa.R.A.P. 2119(f) statement in appellant's brief. Rather than find the issue waived based upon counsel's procedural default, I would simply direct counsel to file a supplement to the brief to comply with Pa.R.A.P. 2119(f), and thereby avoid the inevitable PCHA petition raising this identical claim in an ineffective assistance of counsel claim. *See Commonwealth v. Zeitlen, supra*, 366 Pa.Super. at 81–85, 530 A.2d at 902–03.

Thus, I concur in part and dissent in part.