491 A.2d 848
**COMMONWEALTH of Pennsylvania**
v.
**Daniel MEHOLIC, Appellant.**
Superior Court of Pennsylvania.
Argued March 5, 1985.
Filed March 29, 1985.

344

Charles R. Witaconis, Assistant Public Defender, Scranton, for appellant.

Amil M. Minora, Assistant District Attorney, Scranton, for Commonwealth, appellee.

Before CIRILLO, HOFFMAN, and ROSENWALD, JJ.*

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for arson and conspiracy. For the reasons stated herein, we vacate the conspiracy conviction but otherwise affirm.

On June 7, 1978, appellant's cottage on Chapman Lake was damaged by fire. Appellant collected approximately $21,000 from his insurance company for the fire damage. Evidence introduced at trial showed that appellant and some friends decided to set fire to the cottage in order to collect the insurance. While appellant and several men waited on the porch, one of the men set a fire under the kitchen stairs.

* Judge Edward Rosenwald of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

Appellant was not charged until three years later when one of his companions gave a statement to the police.

Following the jury trial which ended September 2, 1981, appellant was found guilty of arson and conspiracy to commit arson. Post-trial motions were timely filed and denied. On November 11, 1983, appellant was sentenced to a term of six months-to-two years imprisonment on the arson charge; the conspiracy charge was deemed to have merged. This appeal followed.

■ Appellant contends first that the trial court should have quashed the conspiracy charge because the statute of limitations had expired. Under 42 Pa.C.S.A. § 5552(a), in effect at the time appellant was charged, conspiracy carries a two-year statute of limitations. *See Commonwealth v. Askin*, 502 Pa. 575, 467 A.2d 820, 821 (1983). The lower court erroneously relied upon this Court's decision in *Commonwealth v. Askin*, 306 Pa.Superior Ct. 529, 452 A.2d 851 (1982), which the Supreme Court reversed on appeal. Here, because appellant was not charged with the conspiracy until March 10, 1981, the conspiracy conviction should be vacated.

■ Appellant contends next that the trial court erred in admitting a co-conspirator's statement where said co-conspirator did not testify, thereby denying appellant the right to confront witnesses against him. He specifically alleges that the court, in allowing George Cornell to testify regarding conversations between Cornell and Richard Young, erroneously admitted the statements made by Young during these conversations. We find no merit in this allegation. In *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975), our Supreme Court held that conversations between co-conspirators during the conspiracy are an exception to the hearsay rule and are therefore admissible even though the co-conspirator whose declaration is testified to is not on trial and a conspiracy is not charged. *Id.*, 462 Pa. at 58–59, 337 A.2d at 880–881. In *Dutton v. Evans*, 400 U.S. 74, 91

S.Ct. 210, 27 L.Ed.2d 213 (1970), the United States Supreme
Court stated the following:

> The hearsay rule does not prevent a witness from testify-
> ing as to what he has heard, it is rather a restriction on
> the proof of fact through extrajudicial statements. From
> the viewpoint of the Confrontation Clause, a witness
> under oath, subject to cross-examination, and whose de-
> meanor can be observed by the trier of fact, is a reliable
> informant not only as to what he has seen but also as to
> what he has heard.

*Id.* at 88, 91 S.Ct. at 219. Here, Cornell was testifying on
the stand under oath and was subject to cross-examination.
The lower court apparently found his testimony reliable.
Additionally, like in *Dutton,* there were sufficient indicia of
reliability in the instant case: Young's statements implicat-
ing appellant were spontaneous, against his penal interest
to make them, and corroborated by other testimony present-
ed by the Commonwealth. *See* N.7 August 31, 1981 at
73–80. Therefore, we find no reversible error in the admis-
sion of Young's statements during the conversations.

　■■■■■　Appellant also contends that the evidence intro-
duced at trial was insufficient to sustain his conviction for
arson. In order to convict a person of committing arson,
the State must show beyond a reasonable doubt: (1) a fire,
(2) of incendiary origin, and (3) defendant was the guilty
party. *Commonwealth v. Dolan,* 287 Pa.Superior Ct. 202,
429 A.2d 1171 (1981). Here, appellant questions the proof
that the fire was incendiary and that he was the guilty
party. We note that a fire investigator testified that the
fire was incendiary, and that sufficient evidence was ad-
duced to show that appellant aided and abetted the man
who actually set the fire. *See Commonwealth v. Everett,*
297 Pa.Superior Ct. 320, 443 A.2d 1142 (1982) (a person
aiding and abetting the perpetrator of a crime is equally
criminally liable). *See also* 18 Pa.C.S.A. § 306. Therefore,
viewing the evidence in the light most favorable to the
Commonwealth, *see Commonwealth v. Taraschi,* 327 Pa.
Superior Ct. 179, 184–186, 475 A.2d 744, 747 (1984), we find

that the evidence introduced at trial was sufficient to support appellant's arson conviction.

■ Appellant next contends that the trial court erred in allowing a witness to testify when that witness had been charged with perjury in another county. 42 Pa.C.S.A. § 5912 states that a witness who has been convicted of perjury is incompetent to testify for any purpose. In *Commonwealth v. Myers*, 485 Pa. 519, 403 A.2d 85 (1979), our Supreme Court found that a witness who had been tried and found guilty but not yet sentenced for perjury was incompetent to testify. There, the prosecution had delayed the sentencing in order that the witness might be competent to testify. Here, however, the witness in question has not yet been tried or convicted, and there is no evidence of prosecutorial misconduct. Thus, we find no error.

■ Appellant also contends that the lower court erred in charging the jury that they could find appellant guilty of arson if they found that he had aided and abetted the person setting the fire, when appellant was never indicted for aiding and abetting. We disagree. In *Commonwealth v. Brown*, 302 Pa.Superior Ct. 391, 448 A.2d 1097 (1982), this Court found that the Commonwealth could use an accomplice liability theory at trial without indicting the defendant as an accomplice if the Commonwealth disclosed that it was going to proceed on that theory before trial, and that theory was in conformity with the bill of information. Appellant does not allege that he was surprised by the accomplice theory, and, in fact, the record contains several references to the accomplice theory in pre-trial proceedings.

■ Appellant contends finally that he was denied effective assistance of trial counsel. In order to find counsel ineffective, we must first find that the issue underlying the charge of ineffectiveness possesses arguable merit; counsel cannot be found ineffective for failing to assert a meritless claim. *Commonwealth v. Evans*, 489 Pa. 85, 91 and n. 6, 413 A.2d 1025, 1028 and n. 6 (1980). *See also Commonwealth ex rel. Washington v. Maroney*, 427 Pa.

599, 604, 235 A.2d 349, 352 (1967). Appellant has the burden of proving counsel's ineffectiveness in a criminal case. *Commonwealth v. Gay*, 489 Pa. 17, 20, 413 A.2d 675, 677 (1980). Here, appellant alleges that trial counsel was ineffective in failing to (1) raise in post-trial motions prosecutorial misconduct during summation, namely, the prosecutor's comment that he wanted to "make an example of defendant to all arsonists in Lackawanna County"; (2) cross-examine George Cornell as to the underlying basis for the numerous criminal charges filed against Cornell in various counties and as to various inconsistencies between Cornell's testimony at trial and at the preliminary hearing; (3) object to the admission of Cornell's statement for establishing the alleged conspiracy; and (4) refute adequately the prosecutor's theory that appellant set the fire in order to collect the insurance money because of appellant's financial problems. With regard to the first allegation, we do not find that the prosecutorial remark rises to the level of reversible error.

> But even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required.... The language must be such that its "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." ... The effect of such remarks depends upon the atmosphere of the trial, ..., and the proper action to be taken is within the discretion of the trial court.

*Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975). With regard to the second and fourth allegations, we find that counsel's conduct falls within the realm of trial strategy and does not constitute an abuse of discretion. "Trial counsel inherently have broad discretion to determine the course of defense tactics employed." *Commonwealth v. Mizell*, 493 Pa. 161, 164, 425 A.2d 424, 426 (1981). We need not decide the third allegation because we have vacated appellant's conspiracy conviction. Therefore,

having found these claims meritless, appellant was not prejudiced and counsel cannot be deemed ineffective. *Commonwealth v. Garvin*, 335 Pa.Superior Ct. 560, 485 A.2d 36 (1984) (en banc).

Accordingly, we affirm the judgment of sentence for arson but vacate the conspiracy conviction.

Affirmed in part; vacated in part.