528 A.2d 623

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth L. OSBORN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 7, 1986.

Filed June 18, 1987.

506

Leonard Ambrose, Erie, for appellant.

Douglas W. Ferguson, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before DEL SOLE, KELLY and POPOVICH, JJ.

KELLY, Judge:

This case involves the consolidated appeals of appellant, Kenneth Leroy Osborn, from his conviction, after a jury trial on May 14, 1985, of terroristic threats (18 Pa.C.S.A. § 2706), and his conviction, after a jury trial June 11–12, 1985, of rape (18 Pa.C.S.A. § 3121). These convictions arose from entirely separate criminal episodes. However, because both appeals involve identical questions regarding the admissibility of evidence of appellant's prior perjury

conviction and the legality of the sentences imposed, they have been consolidated on appeal pursuant to Pa.R.A.P. 513.

The terroristic threats conviction arose from appellant's threat to burn down the barn of a man who had testified on behalf of a neighbor of the appellant, against whom appellant had instituted summary civil proceedings before a district justice. Appellant denied threatening the former witness. The jury, however, found the appellant guilty. Post-verdict motions and supplemental post-verdict motions were denied.

The rape conviction arose from appellant's use of a shotgun to compel his girlfriend's sister-in-law to engage in non-consensual intercourse. Appellant admitted having intercourse with the victim, but claimed it occurred earlier in the evening, at a different location, and that it was consensual. The jury, however, found the appellant guilty. Post-verdict motions and supplemental post-verdict motions were denied.

Following a sentencing hearing on December 30, 1985, appellant was sentenced to a term of imprisonment of ten (10) to twenty (20) years on the rape conviction and a concurrent term of two (2) to four (4) years on the terroristic threats conviction. A motion to modify sentence was filed and denied. These timely appeals followed.

On appeal, appellant contends that: the trial court erred (in both cases) by permitting the Commonwealth to use the appellant's prior perjury conviction for rebuttal purposes; the trial court erred (in the rape case) by permitting the victim to testify concerning statements made by the appellant after the rape regarding violent crimes appellant said that he had previously committed and others he intended to commit, and counsel was ineffective in failing to request cautionary instructions regarding these statements; counsel was ineffective (in the rape case) in failing to seek suppression of the shotgun; the trial court erred (in the rape case) by failing to declare a mistrial, and counsel was ineffective in failing to request cautionary instructions fol-

lowing the victim's unsolicited statement of her willingness to take a lie detector test; and the sentences imposed upon the appellant for each conviction were illegal in that the trial court failed to consider relevant sentencing factors, gave an inadequate statement of reasons for imposing sentence, and had inadequate grounds for sentencing in the aggravated minimum range for the rape conviction and for deviating from the sentencing guidelines in sentencing on the terroristic threats conviction. We cannot agree.

Upon review of the record, the briefs of the parties and the well-reasoned opinions of the Honorable Richard Thomas, President Judge, we find no merit in ·these appeals. Accordingly, we affirm the judgments of sentence.

## I.

Under 42 Pa.C.S.A. § 5912, "[i]n a criminal proceeding, a person who has been convicted in a court of this Commonwealth of perjury, . . ., shall not be a competent witness for any purpose, although his sentence may have been fully complied with, unless judgment of conviction has been judicially set aside or reversed, or unless the proceeding is one to punish or prevent injury or violence attempted, done, or threatened to his person or property, in which cases he shall be competent to testify." *See Commonwealth v. Myers*, 485 Pa. 519, 403 A.2d 85 (1979); *Commonwealth v. Meholic*, 341 Pa.Super. 342, 491 A.2d 848 (1985). Appellant in the instant case admits that he was convicted of perjury in 1967.

Prior to trial on the terroristic threats charge, the Commonwealth moved to have the appellant declared incompetent to testify pursuant to 42 Pa.C.S.A. § 5912. On May 13, 1985, the Honorable Robert L. Walker denied the motion, but ruled that, if the appellant testified at trial, evidence of his prior conviction for perjury could be used for impeachment purposes. Judge Walker reasoned that precluding a convicted perjurer from testifying on his own behalf would

be unconstitutional. Trial Court Opinion (No. 1985–161, terroristic threats case) at 4.[1]

■ Appellant argues that not only was he competent to testify in spite of his prior perjury conviction, but that under the rules set forth in *Bighum, Roots,* and their progeny,[2] evidence of his prior conviction for perjury was not admissible to impeach his credibility at trial. We, however, decline to construe the rules announced in *Bighum* and *Roots* so as to create the "warm comfortable refuge for seasoned liars" which appellant seeks. *Cf. Commonwealth v. Alicea,* 498 Pa. 575, 583, 449 A.2d 1381, 1385 (1982) (McDermott, J., dissenting).

It is a fundamental tenet of American jurisprudence that an accused has a right to testify on his own behalf. It is well-accepted, though, that the opposing party may impeach the credibility of the defendant by introducing before the trier of fact evidence of his prior convictions. *See Commonwealth v. Lewis,* 350 Pa.Super. 595, 597–98, 504 A.2d 1310, 1312 (1986) (*en banc*). In *Commonwealth v. Butler,* 405 Pa. 36, 173 A.2d 468 (1961), our Supreme Court explained the basis of the rule permitting the admission of prior conviction evidence as follows:

> This rule of evidence is founded on common sense and logic. If a defendant offers himself as a person worthy of belief, the jury has a right to know what kind of man he is—to aid in accessing his credibility. His previous record is admissible for this purpose just the same as testimony of prior reputation for veracity is evidence for the jury's consideration.

1. We note that the Commonwealth's attempt to apply 42 Pa.C.S.A. § 5912 to the appellant would seem to conflict directly with Pennsylvania Constitution Article 1, section 9 which provides in pertinent part, "in all criminal proceedings the accused hath a right to be heard by himself and by counsel." Though the issue is not before us instantly, it would appear that 42 Pa.C.S.A. § 5912 may only, constitutionally, be applied to witnesses other than the accused in a criminal trial. *See* 1 Pa.C.S.A. § 1925.

2. *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973); *Commonwealth v. Roots,* 482 Pa. 33, 393 A.2d 364 (1978).

173 A.2d at 474. Thus, evidence of a prior conviction is properly admissible to establish that the accused is not worthy of belief.

However, it is not admissible to establish that an accused has a propensity to commit the crime or type of crime of which he is accused. Nor is it admissible to establish that the accused is a habitual lawbreaker who should be punished and confined for the good of the community regardless of whether he might be innocent of the present charge. Therein lies the potential for undue prejudice inherent in such evidence. In some cases it may be difficult or impossible for the jury to limit its consideration of the prior conviction evidence solely to the issue of credibility. *See Commonwealth v. Roots, supra,* 393 A.2d at 365–66; *see also Commonwealth v. Johnson,* 340 Pa.Super. 26, 33–34, 489 A.2d 821, 825 (1985) (Wieand, J., dissenting).

Recognizing this potential for undue prejudice, our Supreme Court in *Commonwealth v. Bighum, supra,* decided to limit the rule in *Butler* by holding that:

Since the avowed purpose of using prior convictions in rebuttal is to cast doubt upon the defendant's veracity generally as a witness, it is important to limit the convictions used to crimes involving dishonesty or false statement.

307 A.2d at 262. The court in *Bighum* also adopted the balancing approach espoused in *United States v. Luck,* 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), for the determination of the admissibility of evidence of prior *crimen falsi* convictions.

In *Commonwealth v. Roots, supra,* our Supreme Court stated:

We here reiterate, and to some extent, refine the factors that should be considered in the balancing equation. It is to be stressed that the list is not to be considered exhaustive or exclusive, but rather illustrative of the type of considerations that should influence the decision.

393 A.2d at 367. The court then set forth the following factors to be considered:

1) the degree to which the commission of the prior offense reflects upon the veracity of the defendant-witness; 2) The likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the defendant; (4) the strength of the prosecution's case and the prosecution's need to resort to the evidence as compared with the availability to the defense of other witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the defendant's credibility.

393 A.2d at 367.

"*Roots, Bighum,* and their progeny require that the trial court balance various factors in determining, essentially, whether the probative value of the prior conviction evidence outweighs the risk of unfair prejudice inherent in such evidence." *Commonwealth v. Stinnett,* 356 Pa.Super. 83, 91, 514 A.2d 154, 158 (1986). Consequently, we must reject the reasoning of the trial court that perjury convictions are admissible *per se.*[3] Rather, we must agree with appellant

---

**3.** The trial court reasoned:

Defense Counsel cited *Commonwealth vs. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973), and *Commonwealth vs. Roots,* 482 Pa. 33, 393 A.2d 364 (1978), as evidence of a severe restriction on introduction of prior convictions as the changed attitude of our appellate courts. *We are aware of and need not here review the tests, guidelines and balancing of equities discussed in these cases.*

We acknowledge that had the 1967 conviction been for a 'standard felony or misdemeanor crimen falsi', its remoteness would have precluded its admission under *Bighum* and *Roots.* However, the case here at issue focused dramatically on the credibility of the Defendant..... *Since the Legislature felt that perjury was such an onerous offense that a convicted perjurer was precluded from ever testifying as a witness, and even though this Court felt this penalty to be legislative overreaching, we felt that justice; and common sense mandated that the jury should be made aware of the Defendant's conviction of this offense* (however long ago it occurred) in passing upon his credibility. We feel that when a jury of one's peers in a public jury trial finds unanimously and beyond a reasonable doubt

that the admissibility of evidence of appellant's prior perjury conviction must be determined under the rules set forth in *Bighum, Roots,* and their progeny. However, an analysis of the *Roots* factors establishes that the evidence was in fact admissible; thus, we may affirm despite the trial court's assignment of a wrong reason for admission. *See Commonwealth v. Terry,* 513 Pa. 381, 399, 521 A.2d 398, 409 (1987).

First, the essence of perjury is deceit and false swearing. 18 Pa.C.S.A. 4901 *et seq.; see e.g. Commonwealth v. Hawkins,* 445 Pa. 279, 284 A.2d 730 (1971) (for a statement to be a perjured one, it must be willfully and corruptly false). Consequently, a prior conviction of perjury is a manifestly appropriate basis upon which to impeach a defendant's credibility.

Second, *Roots* requires that the court consider the tendency of the nature and extent of the prior conviction evidence to smear the character of the accused and suggest a propensity to commit the crime charged in determining which, if any, prior *crimen falsi* convictions should be admitted for impeachment purposes. It is, however, patently clear that no such tendency for undue prejudice existed in the instant case as the Commonwealth requested and the trial court permitted only a single prior perjury conviction to be admitted in rebuttal. *Cf. Commonwealth v. Perrin,* 484 Pa. 188, 194–95, 398 A.2d 1007, 1011 (1979) (admission of single

> that a person has ignored their oath to God and willfully given false testimony, that a subsequent jury of peers has a right to consider that fact, along with all other credibility tests, in deciding a case where guilt or innocence focuses on credibility. Given that remoteness in time may negate the introduction of prior convictions as an attack on credibility, we feel that a perjury conviction evidences such a shocking and deliberate attempt to undermine the viability of the justice system that remoteness loses its significance.

Trial Court Opinion (No. 106, rape) at 7–8; Trial Court Opinion (No. 161, terroristic threats) at 5–6. (Emphasis added). While we agree that the evidence of appellant's prior perjury conviction was admissible in the instant case, we cannot accept the *per se* rule of admissibility suggested by the trial court. Even if we agreed that justice and common sense dictated such a rule, we could not escape the clear mandate of *Bighum, Roots,* and their progeny which emphatically rejects such *per se* rules.

larceny conviction); *Commonwealth v. Bailey,* 354 Pa.Super. 51, 55, 511 A.2d 180, 184 (1986) (admission of single burglary conviction). Moreover, the prior perjury conviction does not, as convictions of other crimes might, suggest any propensity to rape or to commit terroristic threats (which is the undue prejudice the rule seeks to prevent).

Third, the appellant's age and circumstances weigh both for and against admission of the prior conviction. Appellant was thirty years old and fully responsible for his conduct when he was convicted of perjury. *Cf. Commonwealth v. Bailey, supra,* 511 A.2d at 183 (appellant was 25 years old at time of prior conviction). On the other hand, the perjury conviction's probative value is clearly diminished by its age (at trial it was sixteen years old). *Cf. United States v. D'Agata,* 646 F.Supp. 390 (E.D.Pa.1986) (16 year old perjury conviction excluded under Federal Rules of Evidence); *Commonwealth v. Williams,* 286 Pa.Super. 444, 449, 429 A.2d 22, 24 (1981) (Montemuro, J. concurrring) (8 year old burglary convictions were too stale).

Fourth, appellant testified and denied his guilt in both cases. (N.T. 5/14/85 at 47–632; N.T. 6/12/85 at 136–157 & 204–207). In the terroristic threats case, appellant presented testimony from Rose Monsour that she had overheard the victim, Mr. Williams, state, "well we've got the cops believing Kenny made that phone call." (N.T. 5/14/85 at 6). Appellant presented further testimony from two witnesses who stated that the appellant merely drove past Mr. Williams' house. (N.T. 5/14/85 at 14–25). In the rape case, appellant presented testimony from Rose Monsour that the victim, her sister-in-law, told her on Christmas Day (three days before the rape) that she was going to get appellant to go out with her and then cry rape. (N.T. 6/11/85 at 171–172). Appellant also presented testimony from three witnesses who each confirmed at least part of appellant's version of the incident. (N.T. 6/11/85 at 182–185, 186–193 & 193–203). Although the Commonwealth's evidence was sufficient to sustain the verdict in each case, it was not

overwhelming. Rather, credibility of the witnesses was the linchpin upon which both of the cases turned.

Fifth and finally, a review of the trial transcripts reveals no adequate alternate grounds for impeachment. Although appellant testified and was cross-examined in both cases, neither cross-examination yielded any significant contradiction or impeachment. (N.T. 5/14/85 at 54–64; N.T. 6/12/85 at 147–157).

Upon review of the record and consideration of the factors and principles set forth in *Commonwealth v. Roots, supra,* we find that the prior perjury conviction was properly admissible in both trials, and that the trial court's failure to apply the *Roots* analysis to determine admissibility was harmless as application of the analysis confirms admissibility. We note that we find no merit in appellant's procedural challenges with regard to this issue.[4]

## II.

Appellant next contends that the trial court erred in admitting testimony regarding statements made by the appellant to the rape victim after the rape was completed concerning specific acts of violence committed by the appellant in the past, and other violent acts which he intended to commit in the future.[5] Appellant argues that the testimony

4. A pre-trial hearing was held on the Commonwealth's motion to declare appellant incompetent under 42 Pa.C.S.A. § 5912. After this hearing, the trial court ruled that the prior perjury conviction would be admissible for impeachment purposes. Thus, the pre-trial determination required, upon request, was afforded. *See Commonwealth v. Duffy,* 355 Pa.Super. 145, 150, 512 A.2d 1253, 1256 (1986). Appellant argues, however, that appellate review of the decision to permit the admission of the prior conviction evidence is thwarted by the absence of a record of the hearing before Judge Walker as required by Pa.R.Crim.P. 9030. We find the record, the briefs of the parties and the opinions of the trial court sufficient to provide an adequate basis for review. Moreover, appellant has given no indication of any particular prejudice arising from the absence of a transcript of the pre-trial hearing, nor has he availed himself of the appropriate remedy set forth in Pa.R.A.P. 1923.

5. The victim, Debra Jean Monsour, testified that after the rape, appellant told her that: he was an ex-convict; he had "pimped better broads;" that he had hired two men to run Rose Monsour's first

was prejudicial, and therefore, inadmissible. Appellant argues further that if the testimony was admissible, reversible error exists in the failure of counsel to request and the failure of the trial court to deliver adequate cautionary instructions. We cannot agree.

The admissibility of evidence is a matter left to the sound discretion of the trial court, and an appellate court may only reverse upon a showing that the trial court abused its discretion. *Commonwealth v. Bartlett*, 446 Pa. 392, 400, 288 A.2d 796, 799–800 (1972). Even evidence of prior crimes may be admissible, where such evidence is relevant to prove something *other* than the defendant's propensity for committing crimes. *Commonwealth v. Claypool*, 508 Pa. 198, 204, 495 A.2d 176, 178 (1985). In *Commonwealth v. Freeman*, 295 Pa.Super. 467, 476, 441 A.2d 1327, 1332 (1982), this Court explained, "... *unexplained* absence of hue and cry that one might expect to ensue from rape casts doubt on the existence of the rape itself." (Emphasis added). This is particularly true where, as here, the assailant was previously known to the victim, and the theory of defense was that the intercourse was consensual. Thus, the fact of appellant's statements was highly relevant to explain the victim's delay in reporting the crime.

Consequently, we find no abuse of discretion in the trial court's decision that the probative value of evidence outweighed its obvious potential for prejudice. *Cf. Commonwealth v. Claypool, supra.* As Justice McDermott aptly noted in *Claypool*, "[a] 'threat' can be as palpable as a steel blade, the muzzle of a gun, or a ticking bomb. If the tool one uses to accomplish a criminal purpose prejudices him, so

husband, Piser, off the road; he watched while they drug Piser from the car and beat him with a tire jack; his presence prevented an armed neighbor from coming to Piser's aid; that he was planning to blow-up a trailer in Pittsburgh; and that he had broken into Rose's mother and father-in-law's home and had torn it apart. (N.T. 6/11/85 at 30, 35–36). Mrs. Monsour explained that appellant was trying to scare her, and that by the time she got home she was absolutely terrified. (N.T. 6/11/85 at 36).

much the worse for him." *Commonwealth v. Claypool, supra,* 508 Pa. at 206, 495 A.2d at 180. (McDermott, J., concurring).

We note that although there was no specific instruction requested or given with respect to this evidence, the court did state in its jury charge:

> ... one of the firm rules is that when a person is on trial for a criminal offense, the jury cannot and should not know that they have committed or have been convicted of other criminal offenses, less the jury might go out and say well, if this person did something at a time in the past, he might have done this, thats kinda human nature, but that's unfair.
>
> The fact that a person stepped outside the law in the past does not constitute evidence that they did it,....

(N.T. 6/12/86 at 222). While a more direct cautionary would have been preferred, we find that the instruction given was adequate and that counsel was not ineffective in failing to request further instructions.[6]

## III.

 Appellant next contends that the trial counsel in the rape case was ineffective in failing to request the suppression of a shotgun which was seized during a search of appellant's residence. Appellant argues that the affidavit of probable cause contained in the search warrant was fatally defective, and that counsel was therefore ineffective for failing to challenge its admission. We cannot agree.

This contention was fully addressed and adequately disposed of in the opinion of the learned trial court. Trial

6. Had counsel requested an additional instruction, the trial court would have been forced to review the potentially prejudicial testimony, thereby reinforcing it. We note that while the jury charge did not contain cautionary instructions directly addressed to the challenged evidence, neither did the trial court's summary of the evidence presented by the Commonwealth contain a direct reference to the evidence in dispute. (N.T. 6/12/85 at 230–231). Counsel's decision to forego further cautionary instructions, thus, had a reasonable basis.

Court Opinion (No. 1985–106, rape) at 3–5. Additionally, we note that counsel's decision not to challenge admission of the shotgun was reasonable where: 1) numerous witnesses, including the defendant, testified as to the existence and location of the shotgun in appellant's residence (*see* N.T. 6/11/85 at 29, 42–43, 154–55, 165 & 178); and 2) the theory of defense was that prior to having consensual sex with appellant, the victim had decided to make up a rape story using common knowledge regarding appellant, including her knowledge of the existence and location of the gun. (N.T. 6/11/85 at 3–17, 165 & 178). Counsel's actions are deemed effective if any reasonable basis exists for them; hence, counsel in the instant case was not ineffective in failing to seek the suppression of evidence which was consistent with the theory of defense presented at trial. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

## IV.

■ Appellant next contends that trial counsel was ineffective in failing to request a mistrial or cautionary instructions following the victim's statement that she was willing to take a polygraph examination. Appellant argues further that the trial court erred in failing to grant a mistrial or issue cautionary instructions *sua sponte.* While we agree that the unsolicited reference by the victim regarding her willingness to take a polygraph examination was improper and properly stricken, we find no reversible error in the failure to request or grant a mistrial or cautionary instructions.

The following exchange took place at trial:

Q. The defendant indicated through his attorney in opening statements that he had intercourse with you in the back lot of Truck World that night?

A. Well, that's a blatant lie. I have never been at Truck World in my life.

Q. Just answer my question, did you have intercourse with him in the back lot of Truck World on December 28, 1984?

A. No. I told you I'd take a polygraph test.

Q. I know you would.

Mr. Rodgers: We object to that, Your Honor.

The Court: Strike it.

(N.T. 6/11/85 at 49).

Appellant argues that this reference to the victim's willingness to take a polygraph examination was highly prejudicial and unfairly bolstered her credibility. We agree that the testimony was improper; however, we find that appellant has greatly exaggerated the potential prejudice from the victim's unsolicited remark and the Commonwealth attorney's response.

The reference challenged in the instant case did not imply that appellant had taken a test or that she had passed such a test. *Cf. Commonwealth v. Gee,* 467 Pa. 123, 354 A.2d 875 (1975) (*results* inadmissible); *Commonwealth v. Johnson,* 441 Pa. 237, 272 A.2d 467 (1971) (same); *Commonwealth v. Pechalski,* 310 Pa.Super. 199, 456 A.2d 569 (1983) (*results* inadmissible at sentencing); *Commonwealth v. Pfender,* 280 Pa.Super. 417, 421 A.2d 791 (1980) (*results* inadmissible even by stipulation). Nor was the reference ambiguous in this respect. *Cf. Commonwealth v. Miller,* 497 Pa. 257, 439 A.2d 1167 (1982). Rather, the reference expressed only a willingness to take such a test. Consequently, we find that the above cited cases are factually distinguishable, the order to strike the remarks was an adequate response, and counsel was not ineffective in failing to request cautionary instructions which might have focused undue attention on the unsolicited remark.

## V.

■ Finally, appellant contends that the sentence imposed was illegal in that the trial court failed to consider relevant sentencing factors, to set forth sufficient reasons for the sentence imposed, and to set forth adequate reasons for

sentencing appellant in the aggravated range for the rape conviction and outside and in excess of the guideline ranges for the terroristic threats conviction. We cannot agree.

Although appellant characterizes these contentions as challenges to the legality of the sentence; we find that they are, in fact, predominately challenges to discretionary aspects of the sentence. Upon review of appellant's brief, we find further that appellant has failed to set forth a separate concise statement of reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(b) as required by Pa.R.A.P. 2119(f). *See Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). As no motion to correct this defect has been filed pursuant to Pa.R.A.P. 2501, appellant's challenges to the discretionary aspects of sentence are not properly before this Court.

To the extent that the contentions may be considered to have raised challenges to the legality of sentence, we find that the trial court considered the scant mitigation evidence presented (N.T. 12/30/85 at 7–11), but that it was clearly outweighed by the aggravating circumstances of these cases and the appellant's record as a career criminal. (N.T. 12/30/5 at 30–37). Though brief (N.T. 12/30/85 at 38–40), the trial court's statement of the reasons for sentencing appellant in the aggravated minimum range for the rape conviction and above and outside the guideline ranges for the terroristic threats conviction were adequate to fulfill the requirements of *Commonwealth v. Riggins,* 474 Pa. 507, 378 A.2d 1229 (1977). The court reasoned that the nature of the offenses, the appellant's extensive criminal record, and the fact that appellant's conduct "terrorized the community," warranted the sentences imposed. Upon review of the record, we agree. Indeed, the sentence of a concurrent term on the terroristic threats conviction could reasonably be characterized as lenient.

Based upon the foregoing reasons, judgments of sentence are affirmed.