J-S10044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMON LAMONT FELDER | : | |
| | : | |
| Appellant | : | No. 1082 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000989-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED AUGUST 09, 2022**

Appellant, Damon Lamont Felder, appeals from the aggregate judgment
of sentence of 15 months to 3 years' incarceration imposed by the Court of
Common Pleas of Lancaster County following a jury trial at which he was
convicted of possession of cocaine with intent to deliver (PWID), possession
of drug paraphernalia, possession of a small amount of marijuana, and the
summary offenses of driving with a suspended license and driving an
unregistered vehicle.[1]  For the reasons set forth below, we affirm Appellant's
drug paraphernalia, marijuana, and summary offense convictions, but vacate

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(32), 35 P.S. § 780-113 §
(a)(31), 75 Pa.C.S. § 1543(a) and 75 Pa.C.S. § 1301(a), respectively.

Appellant's judgment of sentence and PWID conviction and remand for a new trial on the PWID charge.

This case arises out of a traffic stop that occurred on the night of January 7, 2019, when Lancaster City Police Officers McCormick and Bingham, while on routine patrol in a marked car, ran the license plate of a car on PennDOT's mobile licensing and registration database and learned that its registration was expired. Trial Court Opinion at 1-2. The officers followed the car for a short distance before initiating a traffic stop based on the expired registration. *Id.* at 2.

There were two people in the car, Appellant, who was the driver, and one passenger. N.T. Suppression Hearing at 11, 20. After Appellant pulled the car over, Office McCormick approached the driver's side door and spoke to him. *Id.* at 11. While talking to Appellant, Office McCormick saw a pipe with marijuana in Appellant's jacket pocket. *Id.* at 11-12. Officer McCormick had Appellant come out of the car and asked Appellant for permission to pat him down and Appellant consented. *Id.* at 12-14. When the car door was opened, Officer McCormick smelled an odor of fresh marijuana coming from the inside of the car. *Id.* at 13-14, 27. Officer McCormick seized the marijuana pipe and, in the pat-down, found a pack of Game cigars in Appellant's back right pants pocket and concluded that Appellant's front left pants pocket felt like it contained a large wad of folded money. *Id.* at 13-16,

34-35. Officer McCormick knew from his experience as a narcotics officer that Game cigars are often used to roll marijuana blunts. *Id.* at 14.

After the pat-down, Appellant was taken back to Officer McCormick's patrol car and Officer McCormick had the passenger get out of the car. N.T. Suppression Hearing at 16, 38. When the passenger got out of the car, Officer McCormick saw from outside the car a baggie of what he recognized as crack cocaine on the front passenger seat. *Id.* at 38-40. Officer McCormick then conducted a search of the car and found fresh marijuana in a compartment near the steering wheel and another baggie of crack cocaine under the front passenger seat. *Id.* at 16-17, 29, 31, 39-43. Appellant was placed under arrest while Officer McCormick was searching the car and $833 in cash was found in his front left pants pocket. *Id.* at 17-18. A third baggie of crack cocaine was later found on the person of the passenger. *Id.* at 43.

On January 8, 2019, Appellant was charged with PWID, possession of drug paraphernalia, possession of a small amount of marijuana, driving with a suspended license and driving an unregistered vehicle. On March 8, 2019, and August 13, 2019, Appellant filed omnibus pretrial motions in which he sought to suppress the items found during the traffic stop on the ground that there was no reasonable suspicion or probable cause for the traffic stop and no probable cause for the searches of Appellant's person and the car and also sought to suppress statements made by Appellant. On September 20, 2019, the trial court held a hearing on the motions to suppress, at which Officer

McCormick testified. Following the hearing, the trial court denied the motions to suppress the drugs and drug paraphernalia found during the traffic stop, but granted Appellant's motion to suppress statements concerning two cell phones on the ground that they were obtained in violation of Appellant's **Miranda**[2] rights. N.T. Suppression Hearing at 64-65.

The charges against Appellant were tried to a jury on April 12 and 13, 2021. The Commonwealth called four witnesses: Officers McCormick and Bingham; the passenger who was in the car with Appellant, Mandy Kauffman; and a police detective who testified as an expert in the area of controlled substance use, distribution, packaging and sales. Immediately before the start of trial, Appellant presented a written motion in *limine* notifying the Commonwealth of his intent to use nine *crimen falsi* convictions to impeach Kauffman's credibility and seeking a ruling that these convictions, including a 1999 false swearing conviction, were admissible. The trial court ruled that seven convictions that were less than 10 years old for access device fraud, theft by deception, forgery, theft, and receiving stolen property were admissible, but denied Appellant's motion with respect to Kauffman's 1999

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

false swearing conviction and barred him using that conviction to impeach her. N.T. Trial at 58-59; Trial Court Order, 4/12/21.[3]

Officers McCormick and Bingham testified concerning the January 7, 2019 traffic stop. The officers identified Appellant as the driver of the car and Kauffman as the passenger and testified that both Appellant and Kauffman were arrested, but that Kauffman was released with no charges. N.T. Trial at 78-79, 101-02, 130-31, 140-42, 144-46, 148-49.

Officer McCormick testified that he found a marijuana pipe and cigars that that are used to make marijuana blunts on Appellant's person during the traffic stop and that $833 was found on Appellant when he was searched incident to arrest. N.T. Trial at 81-90, 106. Officer McCormick testified that Kauffman was in the front passenger seat and that after he had Kauffman get out of the car, he found a one-gram baggie of crack cocaine on the front passenger seat of the car, a two-gram baggie of crack cocaine under the front passenger seat, and a plastic container holding marijuana in a compartment near the driver's seat. *Id.* at 90-93, 97-98, 110-11. Officer McCormick further testified that after Kauffman was arrested, a two-gram baggie of crack cocaine was found in her pants, and that no crack cocaine was found on

---

[3] The ninth conviction listed in the motion was an additional, old conviction for receiving stolen property. The trial court's order did not permit Appellant to use that conviction, Trial Court Order, 4/12/21, but Appellant does not contend that the exclusion of the additional receiving stolen property conviction was error.

- 5 -

Appellant's person. *Id.* at 104-05, 128. A stipulation was read to the jury that the Pennsylvania State Police laboratory tested the substance in the baggies and confirmed that it was crack cocaine and had tested the substance in the plastic container and confirmed that it was marijuana. *Id.* at 213-14.

Kauffman testified that she was with Appellant in the car on January 7, 2019 because she wanted to get crack cocaine from him. N.T. Trial at 157-58, 167. Kauffman testified that she took crack cocaine from Appellant and put it in her pants to hide it when the police pulled the car over, that she had no drugs when she got into Appellant's car, and that the drugs that were on the front passenger seat, under that seat, and in her pants were not hers. *Id.* at 159-60, 164-65, 167, 184-85. In addition, the Commonwealth played to the jury Kauffman's January 7, 2019 statement to police, in which she denied that the drugs were hers and contended that Appellant handed off the drugs to her to hide. *Id.* at 166; C-7.

Kauffman was examined on the fact that she had pled guilty to access device fraud, theft by deception, forgery, theft, and receiving stolen property. N.T. Trial at 152-54, 177. She also testified on direct examination by the Commonwealth that she had pled guilty to drug charges, criminal trespass, and driving under the influence, and was cross-examined concerning a 1994 conviction for possession with intent to deliver after she had testified that she has never been a drug dealer. *Id.* at 153-54, 172-73.

On April 13, 2021, the jury found Appellant guilty of PWID, possession of drug paraphernalia, and possession of a small amount of marijuana, and the trial court found him guilty of the summary offenses. N.T. Trial at 276-78. On July 14, 2021, the trial court sentenced Appellant to 15 months to 3 years' incarceration for PWID and a concurrent term of 1 to 12 months' incarceration for possession of drug paraphernalia, imposed only costs for the marijuana conviction, and imposed fines and costs for the summary offenses, resulting in an aggregate sentence of 15 months to 3 years' incarceration. Sentencing Order; N.T. Sentencing at 11-12. This timely appeal followed.

> Appellant presents the following two issues for our review:
>
> I. Did the trial court err in denying Mr. Felder's Motion to Suppress the marijuana and cocaine seized during the search of Mr. Felder's vehicle, where police lacked probable cause to search the vehicle?
>
> II. Did the trial court err in denying defense counsel's motion *in limine* to admit Mandy Kauffman's 1999 conviction for false swearing, where this conviction was highly relevant to Ms. Kauffman's truthfulness when testifying in the instant case, and the probative value of Ms. Kauffman's conviction for false swearing substantially outweighed its prejudicial effect?

Appellant's Brief at 7 (trial court's answers omitted). We conclude that Appellant is entitled to no relief on his suppression issue, but that the trial court committed reversible error in excluding Kauffman's false swearing conviction.

In his first issue, Appellant argues only that the police lacked probable cause to search the car.[4]  Our standard and scope of review on this issue are well-settled:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Heidelberg**, 267 A.3d 492, 498-99 (Pa. Super. 2021) (*en banc*) (quoting **Commonwealth v. Bumbarger**, 231 A.3d 10 (Pa. Super. 2020)).

A police officer has probable cause to search a vehicle where the facts and circumstances within the officer's knowledge are sufficient for a person of reasonable caution to believe that a crime has been or is being committed or

---

[4] Appellant does not challenge on appeal the trial court's determination that the police had probable cause for the traffic stop.  Although our Supreme Court held in **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020) that warrantless searches of vehicles are constitutional under Article I, Section 8 of the Pennsylvania Constitution only if the Commonwealth shows both probable cause and exigent circumstances or another exception to the warrant requirement, Appellant did not seek in the trial court to suppress on the ground that Commonwealth failed to show exigent circumstances for the search or any other exception to the warrant requirement.  **Alexander** is therefore inapplicable to this appeal.  **Commonwealth v. Heidelberg**, 267 A.3d 492, 503 (Pa. Super. 2021) (*en banc*).

that contraband or evidence of a crime will be found in the vehicle. *Commonwealth v. Barr*, 266 A.3d 25, 40 (Pa. 2021); *Bumbarger*, 231 A.3d at 18; *Commonwealth v. Scott*, 210 A.3d 359, 363 (Pa. Super. 2019). Observation of illegal drugs or items related to illegal drug use or trafficking in the vehicle or on the defendant's person while he was in the vehicle, made by the police from outside the vehicle before the search, can be sufficient to support probable cause to search the vehicle for drugs. *Bumbarger*, 231 A.3d at 18; *Commonwealth v. Bozeman*, 205 A.3d 1264, 1278-79 (Pa. Super. 2019); *Commonwealth v. Bailey*, 545 A.2d 942, 945-46 (Pa. Super. 1988). Because marijuana may legally be possessed and used under the Medical Marijuana Act (MMA),[5] an odor of marijuana is not sufficient by itself to show probable cause for a search, although it can be a factor supporting probable cause in combination with other information known to the police at the time. *Barr*, 266 A.3d at 41-44.

Here, the trial court found that the facts known to Officer McCormick before he searched the car included not only the odor of marijuana coming from the car, but also Appellant's possession of marijuana-smoking paraphernalia and the presence in the car of a baggie of what he knew from his training and experience was likely crack cocaine. Trial Court Opinion at 7-8. This finding is supported by the record. Officer McCormick, who the trial

_____

[5] 35 P.S. § 10231.101 *et seq*.

court found credible, *id.* at 4; N.T. Suppression Hearing at 64, testified that he saw a marijuana pipe in Appellant's pocket from outside the car, found cigars that are used to make marijuana blunts in a pat-down to which Appellant had consented, and saw the crack cocaine on the passenger seat from outside the car before he began his search. N.T. Suppression Hearing at 11-14, 38-40.

These additional facts, coupled with the odor of marijuana coming from the inside of the car, were sufficient to support probable cause to search the passenger compartment of the car. Because the MMA does not permit the smoking of marijuana, 35 P.S. § 10231.304(b)(1); *Barr*, 266 A.3d at 41 n.13, knowledge that Appellant had paraphernalia for smoking marijuana gave the Officer McCormick reason to believe the marijuana was being used illegally. The baggie of crack cocaine on the passenger seat gave him reason to believe that there were other drugs in the car that were illegal.

The fact that Officer McCormick did not see the crack cocaine until after he had Kauffman get out of the vehicle does not make it part of a search that required probable cause. A police officer who has lawfully stopped a vehicle does not need to have reasonable suspicion or probable cause to request the driver and passengers to come out of the vehicle. *Bumbarger*, 231 A.3d at 17-18; *Commonwealth v. Brown*, 654 A.2d 1096, 1097, 1102-03 (Pa. Super. 1995). Because Officer McCormick saw the crack cocaine from a lawful vantage point outside the car, under the plain view doctrine, his obtaining this

knowledge did not violate Appellant's rights under the Fourth Amendment of the United States Constitution or Article I, Section 8 of the Pennsylvania Constitution. *Commonwealth v. Lutz*, 270 A.3d 571, 577 (Pa. Super. 2022); *Heidelberg*, 267 A.3d at 504-05; *Bumbarger*, 231 A.3d at 20. The trial court therefore did not err in denying Appellant's motion to suppress.

In his second issue, Appellant contends that the trial court erred in excluding Kauffman's false swearing conviction. We agree.

A trial court's rulings regarding the admissibility of evidence may be reversed only on a showing that the trial court abused its discretion. *Commonwealth v. Bowens*, 265 A.3d 730, 746 (Pa. Super. 2021) (*en banc*); *Commonwealth v. Lowmiller*, 257 A.3d 758, 763 (Pa. Super. 2021). Misapplication or overriding of the law constitutes an abuse of discretion. *Bowens*, 265 A.3d at 746; *Lowmiller*, 257 A.3d at 763; *Commonwealth v. D.J.A.*, 800 A.2d 965, 970 (Pa. Super. 2002) In addition, a trial court's judgment is manifestly unreasonable, and therefore an abuse of discretion, if it is unsupported by the record. *D.J.A.*, 800 A.2d at 970. Whether the trial court properly applied our rules of evidence involves a question of law as to which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Raboin*, 258 A.3d 412, 422 (Pa. 2021); *Commonwealth v. Brown*, 52 A.3d 1139, 1176 (Pa. 2012).

Admissibility of a witness's criminal convictions to impeach her credibility is governed by Rule 609 of the Pennsylvania Rules of Evidence, which provides in relevant part:

> (a) **In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
>
> (b) **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609(a), (b).  Because Kauffman's false swearing conviction was from 1999, more than 10 years before her testimony at Appellant's trial, Rule 609(b) applies and its admissibility turned on whether the probative value of this conviction outweighed its prejudicial effect.  Pa.R.E. 609(b)(1); ***Commonwealth v. Rivera***, 983 A.2d 1211, 1226-27 (Pa. 2009); ***Commonwealth v. Cascardo***, 981 A.2d 245, 255 (Pa. Super. 2009).

In making this determination, the trial court was required to consider the following factors: 1) the degree to which the prior offense reflects upon the veracity of the witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the witness and suggest a propensity to commit the crime at

- 12 -

issue, rather than provide a legitimate reason for discrediting her as an untruthful person; 3) the age and circumstances of the witness; 4) the strength of the prosecution's case and the need to resort to this evidence as compared with the availability of other witnesses; and 5) the existence of alternative means of attacking the witness's credibility. *Rivera*, 983 A.2d at 1227; *Commonwealth v. Palo*, 24 A.3d 1050, 1056 (Pa. Super. 2011); *Cascardo*, 981 A.2d at 255. Although the trial court acknowledged these factors, Trial Court Opinion at 12-13, it failed to properly apply them, and when properly applied, they require the conclusion that the probative value of the 1999 false swearing conviction with respect to the PWID charge far outweighed the virtually non-existent prejudicial effect of admitting that conviction.

The first factor, the degree to which the offense bears on credibility, strongly supported admission of the false swearing conviction, as the crime of false swearing goes to the heart of a witness's credibility. *Commonwealth v. Osborn*, 528 A.2d 623, 627 (Pa. Super. 1987) (explaining that "a prior conviction of perjury is a manifestly appropriate basis upon which to impeach … credibility" in holding that a 16-year-old perjury conviction was admissible to impeach defendant's credibility in rape and terroristic threat trials). The trial court, however, discounted this factor solely based on the age of the conviction without considering the nature of the offense and how strongly it strongly relates to credibility, as it was required to do. Trial Court Opinion at

13. Age of the conviction, moreover, goes to the third factor, not to the relationship between the offense and credibility. ***Osborn***, 528 A.2d at 628.

The trial court did not evaluate the second factor, whether the false swearing conviction would have a greater tendency to smear the character of the witness and suggest a propensity to commit the crime at issue, rather than provide a legitimate reason for discrediting her as an untruthful person. This factor, too, clearly and strongly weighed in favor of admitting the false swearing conviction. The crimes at issue here were drug crimes and the conviction was for the completely unrelated offense of false swearing. Where a *crimen falsi* conviction involves a crime of a different type than the crime for which the defendant is being tried, this factor weighs in favor of admissibility of the conviction, as it reduces the possibility of prejudice. ***Rivera***, 983 A.2d at 1229; ***Cascardo***, 981 A.2d at 256; ***Osborn***, 528 A.2d at 627-28.

Moreover, the only negative character trait that a false swearing conviction suggests is untruthfulness, which is precisely the appropriate and non-prejudicial reason for which such prior convictions are admissible. Rather than considering the dissimilarity between the charges at issue and the false swearing conviction, however, the trial court erroneously characterized the possibility that the jury would properly conclude that Kauffman was again being untruthful as prejudice that outweighed the probative value of the conviction. Trial Court Opinion at 14.

With respect to the third factor, age and circumstances, the trial court correctly noted that the fact that the conviction was 22 years old weighed against its admissibility. Trial Court Opinion at 13. The trial court, however, failed to consider Kauffman's age at the time of the conviction. Where the witness was an adult at the time of the conviction, that weighs in favor of admissibility. *Cascardo*, 981 A.2d at 256; *Osborn*, 528 A.2d at 628. The record showed that Kauffman was an adult at the time of her 1999 false swearing conviction, as she testified that she was 18 years old in 1994, five years earlier. N.T. Trial at 173.

The fourth factor turns on the importance of the witness's credibility and strongly favors admission of the prior *crimen falsi* conviction where the witness's testimony is central to the case. *Rivera*, 983 A.2d at 1228-29; *Palo*, 24 A.3d at 1057; *Cascardo*, 981 A.2d at 256; *Osborn*, 528 A.2d at 628. The trial court held that Kauffman's testimony was not central to the Commonwealth's case and that this factor therefore did not weigh in favor of admitting her false swearing conviction. Trial Court Opinion at 13-14. With respect to the PWID charge against Appellant, that conclusion was contrary to both the record and the law. While other evidence that was introduced was sufficient to prove the drug paraphernalia, marijuana, and summary offense charges and Kauffman's testimony was irrelevant to those charges, Kauffman's testimony was essential to prove that Appellant possessed the crack cocaine on which the PWID charge was based. Officer McCormick

testified that he found the crack cocaine that was in the car on and under the passenger seat where Kauffman had been sitting, that Kauffman had crack cocaine on her person, and that no cocaine was found on Appellant. N.T. Suppression Hearing at 16, 31, 39-43; N.T. Trial at 90-93, 104, 110-11, 128. Mere proof that contraband was found in a vehicle that the defendant was driving is not sufficient to show that the defendant had constructive possession where the contraband was in a location not near the defendant and near another occupant. **Commonwealth v. Wisor**, 353 A.2d 817, 818-19 (Pa. 1976); **Commonwealth v. Parrish**, 191 A.3d 31, 33, 37-38 (Pa. Super. 1918); **Commonwealth v. Boatwright**, 453 A.2d 1058, 1058-59 (Pa. Super. 1982). The credibility of Kauffman's testimony that the crack cocaine was not hers and that she had taken it from Appellant to hide was therefore critical to the Commonwealth's PWID case against Appellant. Indeed, the Commonwealth in its closing argument conceded that its PWID case turned on Kauffman's credibility. N.T. Trial at 241.

With respect to the final, fifth factor, the trial court correctly noted that Appellant had other, more recent *crimen falsi* convictions that he could and did use to impeach Kauffman's credibility. Trial Court Opinion at 13-14. The trial court, however, failed to consider that the false swearing conviction involved an offense far more directly relevant to credibility than Kauffman's other convictions, none of which were for perjury or false swearing. The Commonwealth was able to minimize the impact of those other convictions on

- 16 -

Kauffman's credibility because they did not involve lying under oath, characterizing the evidence of her *crimen falsi* convictions as an argument that "she's a liar because she has crimes because she … is a drug user, and she commits crimes to support her habit" and describing them as "receiving stolen property, thefts, things you do when you are a drug user to support your habit." N.T. Trial at 241-45. Because the impeachment value of a false swearing conviction was significantly greater than the effect on credibility of the *crimen falsi* convictions that Appellant was permitted to use, this factor did not strongly favor exclusion of the false swearing conviction.

For the foregoing reasons, we conclude that the trial court misapplied the law and abused its discretion in excluding witness Kauffman's 1999 false swearing conviction. Because a proper application of the law compels the conclusion that the probative value of that conviction on credibility substantially outweighed any possible prejudicial effect, we vacate Appellant's PWID conviction and his judgment of sentence and remand for a new trial on that charge. This erroneous exclusion of evidence, however, had no effect on any of the other charges and the trial court did not err in denying Appellant's motion to suppress. Accordingly, we affirm Appellant's possession of drug paraphernalia, possession of a small amount of marijuana, driving with a suspended license, and driving an unregistered vehicle convictions.

Judgment of sentence and conviction for possession with intent to deliver vacated. Convictions for possession of drug paraphernalia, possession

of a small amount of marijuana, driving with a suspended license, and driving an unregistered vehicle affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/09/2022