J-A12040-21

2021 PA Super 149

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DANIEL LOWMILLER | : | |
| | : | |
| Appellant | : | No. 1114 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 7, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000413-2018

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

OPINION BY MUSMANNO, J.:                                                **FILED JULY 27, 2021**

Paul Daniel Lowmiller ("Lowmiller") appeals from the judgment of sentence imposed following his convictions of one count each of statutory sexual assault – person less than 16 years of age, involuntary deviate sexual intercourse – person less than 16 years of age ("IDSI"), aggravated indecent assault – person less than 16 years of age, indecent assault – person less than 16 years of age, and two counts of corruption of minors.[1]  We reverse and remand for a new trial

On February 26, 2018, Lowmiller sent a Facebook friend request to M.M. (the "victim"), a 14-year-old girl.  A couple of hours later, Lowmiller met the victim at a K-Mart in Loyalsock Township, Lycoming County, Pennsylvania.

---

[1] 18 Pa.C.S.A. §§ 3122.1(b), 3123(a)(7), 3125(a)(8), 3126(a)(8), 6301(a)(1)(i)-(ii).

Lowmiller and the victim walked to an area near the Loyalsock Fire Department, at which time Lowmiller exposed his penis. Lowmiller directed the victim to rub his penis, and the victim complied. At this time, Lowmiller began rubbing the victim's vagina through her clothing. Lowmiller then took the victim to a nearby wooded area, near Saint Ann's Catholic Church, and directed the victim to perform oral sex on him. Lowmiller digitally penetrated the victim and performed oral sex on her. Lowmiller began rubbing his penis on the victim's exposed vagina. The victim repeatedly asked Lowmiller to stop and tried to push Lowmiller away. Lowmiller was not dissuaded and ejaculated onto the victim's sweatshirt.

The next day, Lowmiller attempted to meet with the victim again. However, the victim's parents had already taken the victim to the hospital and contacted the police. On, February 28, 2018, Pennsylvania State Trooper Daniel Switzer ("Trooper Switzer") interviewed the victim, during which time the victim described the above incident and identified Lowmiller's Facebook page. Trooper Switzer reviewed Lowmiller's and the victim's Facebook pages, and acquired surveillance footage from the various shops in the area around K-Mart and the Saint Ann Catholic Church.

The trial court summarized what transpired next as follows:

[O]n or about March 5, 2018, the Commonwealth charged [Lowmiller] with [the above-mentioned offenses.] On May 4, 2018, [Lowmiller] entered a guilty plea to IDSI with a person less than 16 years of age, a felony of the first degree. The negotiated plea agreement called for a sentence of 7½ to 20 years' incarceration in a state correctional institution and the remaining

- 2 -

charges would be dismissed at the time of sentencing. Due to the need for an assessment by the Sexual Offender Assessment Board [Lowmiller's sentencing was postponed]….

On May 30, 2018, [Lowmiller] filed a Motion for Discovery because he was contemplating withdrawing his guilty plea[,] and the discovery allegedly would aid in his decision-making. [Lowmiller] believed he had a mistake[-]of[-]age defense to the charges and he thought that evidence supporting such a [defense] could be found on his cell phone.

On August 22, 2018, [Lowmiller] formally filed a Motion to Withdraw Guilty Plea. … During the hearings on his Motion to Withdraw Guilty Plea, … [Lowmiller stated that he] wished to withdraw his guilty plea and pursue a mistake[-]of[-]age defense at trial. In an [O]pinion and [O]rder entered on March 15, 2019, the [trial] court granted [Lowmiller]'s Motion to Withdraw Guilty Plea.

Trial Court Opinion, 10/1/19, at 1-2 (citations omitted).

Subsequently, on January 6, 2020, the Commonwealth filed a Motion pursuant to Pa.R.E. 404(B). In particular, the Commonwealth requested that it be permitted to admit evidence of Lowmiller's prior conviction of statutory sexual assault, in the event that Lowmiller testified that he was mistaken about the victim's age. Lowmiller filed an Objection on January 16, 2020, and argued, *inter alia*, that allowing evidence of his prior conviction into evidence would have a chilling effect on his right to testify in his own defense.

On February 10, 2020, after conducting a hearing, the trial court granted the Commonwealth's Rule 404(B) Motion. The trial court would permit the Commonwealth to introduce evidence of Lowmiller's prior conviction of statutory sexual assault, if Lowmiller testified that he was mistaken about the

victim's age.  Ultimately, Lowmiller did not testify, and his prior conviction was not introduced at trial.

On March 10, 2020, after a jury trial, Lowmiller was found guilty of the above-mentioned offenses.  The trial court deferred sentencing for the purpose of preparing a pre-sentence investigation report ("PSI").  At the close of trial, the Commonwealth informed the trial court and Lowmiller of its intention to seek the mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718.2.  On March 12, 2020, Lowmiller filed a Response.

On July 7, 2020, the trial court conducted a sentencing hearing[2] and heard arguments regarding the mandatory minimum sentence pursuant to section 9718.2 ("mandatory minimum").  At the close of arguments, the trial court agreed with the Commonwealth that Lowmiller was subject to the mandatory minimum, and sentenced Lowmiller to an aggregate term of 441 to 882 months in prison.[3]

On July 17, 2020, Lowmiller filed a Post-Sentence Motion, which the trial court denied after a hearing.  Lowmiller filed a timely Notice of

---

[2] The trial court had the benefit of a PSI, which detailed, *inter alia*, Lowmiller's extensive mental health history as well as his low IQ of 62.

[3] Lowmiller's second conviction of corruption of minors merged for sentencing purposes.

Appeal[4] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Lowmiller now presents the following claims for our review:

1. Did the trial court err by granting the Commonwealth's [Rule 404(B) M]otion … to allow introduction of [Lowmiller]'s prior offense if he chose to testify at trial?

2. Did the trial court err in denying [Lowmiller]'s [M]otion to enforce the plea offer in this matter, given that a firm offer was made[] and withdrawn by the Commonwealth without notice that it would be withdrawn?

3. Did the sentencing court err when it applied a mandatory minimum … because [Lowmiller] had never received penal discipline for a predicate offense?

4. Did the sentencing court abuse its discretion by failing to adequately consider [Lowmiller]'s mental health issues, history of abuse, and lower intellectual functioning when imposing consecutive sentences, particularly since the offenses did not involve violence or force and that they related to a single criminal episode with the victim?

5. Is a sentence of [441] to [882] months cruel and unusual under the United States and Pennsylvania Constitutions?

Brief for Appellant at 4 (reordered).

In his first claim, Lowmiller contends that the trial court erred when it granted the Commonwealth's Rule 404(B) Motion to introduce his prior conviction of statutory sexual assault. Brief for Appellant at 10-12. Lowmiller

---

[4] Lowmiller purports to appeal from the August 13, 2020, denial of his Post-Sentence Motion. However, in criminal matters, an appeal properly lies from the imposition of the judgment of sentence. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).

acknowledges that both offenses "bear the same title," but contends that they were not "remarkably similar." *Id.* at 12. Lowmiller points out the Commonwealth's concession that his prior conviction of statutory sexual assault is not similar to the instant case. *Id.* Lowmiller asserts that the introduction of his prior conviction would have been prejudicial, because it would suggest that Lowmiller has a propensity to commit sex offenses against minors. *Id.* at 12-13. Lowmiller claims that a cautionary jury instruction would not have been sufficient to limit the inflammatory nature of his prior conviction. *Id.* Lowmiller acknowledges that he did not testify and that the evidence of his prior conviction was, ultimately, not introduced at trial. *Id.* at 13-14. However, Lowmiller argues that the trial court's decision to admit his prior conviction deprived him of a fair trial, deprived him of the ability to testify on his own behalf, and prevented him from presenting his mistake-of-age defense. *Id.*

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Harris*, 884 A.2d 920, 924 (Pa. Super. 2005).

Relevance is the threshold for admissibility of evidence. *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008). Pursuant to Pennsylvania Rule of Evidence 401, evidence is relevant if "(a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Drumheller*, 808 A.2d at 904. "All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Pennsylvania Rule of Evidence 404(b) provides as follows:

**Rule 404. Character Evidence; Crimes or Other Acts**

\* \* \*

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses*. Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

"[E]vidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1283 (Pa. Super. 2004). Nevertheless, "[e]vidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Id.* Specifically, other crimes evidence is admissible if offered for a non-propensity purpose such as proof of an actor's knowledge, plan, motive, identity, or absence of mistake or accident. *Commonwealth v. Chmiel*, 889 A.2d 501, 534 (Pa. 2005). When offered for a legitimate purpose, evidence of prior crimes is admissible if its probative value outweighs its potential for unfair prejudice. *Commonwealth v. Hairston*, 84 A.3d 657, 664-65 (Pa. 2014).

Unfair prejudice "means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighting the evidence impartially." *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007).

> Evidence will not be prohibited merely because it is harmful to the defendant. This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged.

Moreover, we have upheld the admission of other crimes evidence, when relevant, even where the details of the other crime were extremely grotesque or highly prejudicial.

*Id.*

Evidence of a prior crime may also be admitted to show a defendant's actions were not the result of a mistake or accident, "where the manner and circumstances of two crimes are *remarkably similar*." **Commonwealth v. Kinard**, 95 A.3d 279, 294-95 (Pa. Super. 2014) (emphasis added); **see Commonwealth v. Sherwood**, 982 A.2d 483, 497-98 (Pa. 2009) (holding that evidence of defendant's prior physical assaults of child was admissible to show absence of mistake or accident in prosecution for intentional beating death of child).

Instantly, on January 6, 2020, the Commonwealth filed its Rule 404(B) Motion, seeking to introduce Lowmiller's prior conviction of statutory sexual assault. In particular, the Commonwealth argued that Lowmiller's prior conviction demonstrated that he could not have been mistaken as to the victim's age, because he had previously committed statutory sexual assault against another 14-year-old. **See** Commonwealth's 404(B) Motion, 1/6/20, at 2 (unnumbered). Lowmiller filed a Response in which he argued that the probative value of such evidence is significantly outweighed by danger of unfair prejudice; the facts of the prior conviction are not remarkably similar to the instant case; and that the resulting prejudice would deprive him of a

fair trial. *See* Defendant's Objection to Commonwealth's Rule 404(B) Motion, 1/16/20, at 1-3.

Relevantly, in 2009, Lowmiller pled guilty to statutory sexual assault and indecent assault. In that case, the victim, a 14-year-old girl, had been in a relationship with Lowmiller, a 19-year-old at the time, for several years. At some point during their relationship, Lowmiller and the victim engaged in intercourse in a residential home. Lowmiller and the victim continued their relationship for three years after the incident. The relationship ended when the victim gave birth to their child and informed her parents that Lowmiller was the father.

In the instant case, Lowmiller, a 27-year-old male, sent a Facebook friend request to the victim, a 14-year-old girl. *See* N.T. (Jury Trial), 3/10/20, at 26. She accepted, and Lowmiller immediately asked her to meet with him. *Id.* at 26-29. The victim agreed, and they met later that same day at the nearby K-Mart. *Id.* at 28-29. After walking around the area, the victim and Lowmiller entered a wooded area near St. Ann's Catholic Church. *Id.* at 29-30. Lowmiller then directed the victim to perform oral sex on him; Lowmiller performed oral sex on the victim; Lowmiller attempted to penetrate the victim; and, ultimately, Lowmiller ejaculated on her sweater. *Id.* at 30-33.

On February 7, 2020, the trial court conducted a hearing on the Commonwealth's Rule 404(B) Motion, wherein Lowmiller again asserted that he was intending to present a mistake-of-age defense at trial through his own

testimony. N.T. (Pre-Trial Motion Hearing), 2/7/20, at 2-6. Lowmiller argued that any introduction or reference to his prior conviction would inflame the jury's senses. *Id.* at 5-6. Additionally, Lowmiller argued that in order for the Commonwealth to introduce his prior conviction pursuant to Rule 404(b), and rebuff his mistake-of-age defense, the Commonwealth would be required to demonstrate that the prior conviction and the instant offenses were "remarkably similar." *Id.* at 3-5. In response, the Commonwealth stated as follows:

> Yeah, I agree that it doesn't come in in the case[-]in[-]chief. It would -- if it comes in at all it doesn't come in unless and until there is a mistake[-]of[-]age defense presented. So at the earliest stage cross examination….
>
> ***I'm not claiming and I don't claim in my notice remarkable similarities between the crimes. They are actually quite distinct. I agree.***

N.T. (Pre-Trial Motion), 2/7/20, at 6-7 (emphasis added).

Upon our review of the record, we agree with Lowmiller that his prior conviction is not remarkably similar to the instant offense. *See Kinard*, *supra*; *Cf. Commonwealth v. Boczkowski*, 846 A.2d 75 (Pa. 2004) (holding that evidence of defendant's murder of former wife was admissible to show absence of accident in prosecution for murder of defendant's second wife, where both victims were found dead in a bathtub or hot tub in highly similar circumstances). Indeed, the Commonwealth concedes that essential factor. *See* N.T. (Pre-Trial Motion Hearing), 2/7/20, at 6-7. As noted above, Lowmiller's first conviction was a result of a multi-year relationship with a

minor 14-year-old girl, and the event in question occurred in a residential home. By contrast, the facts of the instant case detail a whirlwind series of events spurred by a Facebook friendship request, and, within hours, culminated in the above-described event in the woods near a church. N.T. (Jury Trial), 3/10/20, at 26-33; *see* Trial Court Opinion, 8/13/20, at 1-2. We conclude that Lowmiller's prior conviction of statutory sexual assault is not remarkably similar to the facts of the instant case, and therefore, would have been inadmissible under Pa.R.E. 404(b). ***See Kinard***, ***supra***; ***see also Melendez-Rodriguez***, ***supra***. Accordingly, the trial court erred in granting the Commonwealth's Rule 404(B) Motion.

Moreover, as a result of the trial court's error, Lowmiller suffered prejudice, because the error led him to not testify in his own defense. ***See Commonwealth v. Baldwin***, 8 A.3d 901, 902-03 (Pa. Super. 2010) (stating that "[t]he right of the accused to testify on his own behalf is a fundamental tenet of American jurisprudence and is explicitly granted by Article I, Section 9 of the Pennsylvania Constitution.") (citation omitted); ***see also Commonwealth v. Nieves***, 746 A.2d 1102, 1104-06 (Pa. 2000) (stating that appellant was entitled to a new trial after his trial counsel incorrectly advised that appellant should not testify in his own defense because he would be impeached by, ultimately inadmissible, prior convictions). Importantly, Lowmiller withdrew his initial plea agreement because he wished to pursue a mistake-of-age defense. ***See*** N.T. (Guilty Plea Withdrawal Hearing),

10/10/18, at 3-6; **see also** Trial Court Opinion, 10/1/19, at 1-2. Additionally, Lowmiller indicated throughout the proceedings that he wished to pursue a mistake-of-age defense by testifying in his own defense. **See** Trial Court Opinion, 10/1/19, at 1-2; N.T. (Jury Trial), 3/10/20, at 98-99; N.T. (Pre-Trial Motion Hearing), 2/7/20, at 2-6; N.T. (Guilty Plea Withdrawal Hearing), 10/10/18, at 3-6. In essence, the trial court's ruling prevented Lowmiller from asserting his constitutional right to testify in his own defense. **See Commonwealth v. Walker**, 110 A.3d 1000, 1005-06 (Pa. Super. 2015) (concluding that where appellant elected not to testify based upon counsel's erroneous advice that the Commonwealth would introduce inadmissible *crimen falsi* evidence against him, it is irrelevant whether appellant's testimony at trial would have compelled a different result).[5]

Furthermore, the trial court's Opinions and Orders offer no reasoning as to why it granted the Commonwealth's Rule 404(b) Motion, or whether Lowmiller suffered prejudiced as a result of its ruling. Indeed, nothing in the

---

[5] We note that, based upon the foregoing, Lowmiller's on-the-record colloquy waiving his right to testify is necessarily tainted, and was not knowing or intelligent. **See** N.T. (Jury Trial), 3/10/20, at 96-99 (wherein the trial court conducted an on-the-record colloquy of Lowmiller's right to testify, after which Lowmiller's counsel stated that the only reason he was not testifying is because of the trial court's erroneous pre-trial ruling); **see also Nieves**, 746 A.2d at 1105-06 (concluding that where counsel had improperly advised appellant not to testify in his own defense, appellant's waiver could not have been knowing or intelligent). Thus, Lowmiller's on-the-record colloquy was not knowing or intelligent and cannot cure the trial court's erroneous grant of the Commonwealth's Rule 404(B) Motion.

record indicates that the trial court engaged in the required evidentiary analysis pursuant to Pa.R.E. 403 and 404(b). *See Commonwealth v. Tyson*, 119 A.3d 353, 358-59 (Pa. Super. 2015) (explaining that when a trial court rules upon the admissibility of evidence, it "*must assure that the probative value of the evidence is not outweighed by its potential prejudicial impact*[.]") (emphasis added). Accordingly, we conclude that the trial court abused its discretion in granting the Commonwealth's Rule 404(b) Motion. We therefore reverse the judgment of sentence, and remand for a new trial.[6]

Judgment of sentence reversed. Case remanded for a new trial consistent with this Opinion. Superior Court jurisdiction relinquished.

---

[6] In light of our disposition, we need not address Lowmiller's remaining claims. Nevertheless, in regards to Lowmiller's second claim, our review of the record reveals that the Commonwealth made an off-the-record plea offer of 7½ to 18 years in prison. Trial Court Opinion, 10/11/19, at 3. Lowmiller did not respond for several days, and the Commonwealth withdrew its offer, via email. *See id.* at 2-3. Lowmiller filed a Motion to Enforce Plea Agreement. *See id.* at 3. After a hearing, the trial court determined that the parties had not reached an agreement, because the Commonwealth had rescinded its offer prior to any response from Lowmiller. *See id.* at 1-4. Our review confirms the trial court's determinations, in particular that the Commonwealth made a plea *offer* of 7½ to 18 years in prison, but Lowmiller did not respond. Rather, Lowmiller filed a Motion to Enforce Plea Agreement. Accordingly, the trial court did not err in denying Lowmiller's Motion to Enforce Plea Agreement. *See* Pa.R.Crim.P. 590 (providing that "[w]hen counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement…."). In addition, we note our concern over the excessiveness of the aggregate sentence.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>07/27/2021</u>