J-S36011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL W. WOOLERY | : | |
| | : | |
| Appellant | : | No. 1719 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 29, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001316-2021

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY LAZARUS, P.J.: **FILED: APRIL 16, 2025**

Paul Woolery appeals from the judgment of sentence, imposed by the Court of Common Pleas of Lancaster County, after a jury convicted him of one count each of aggravated indecent assault of a child,[1] unlawful contact with a minor—sexual offense,[2] corruption of a minor,[3] and indecent assault of a person less than thirteen years of age.[4]  On appeal, Woolery claims the trial court erred in admitting irrelevant and prejudicial evidence.  After careful review, we vacate and remand.

---

[1] 18 Pa.C.S.A. § 3125(b).

[2] *Id.* at § 6318(a)(1).

[3] *Id.* at § 6301(a)(1)(ii).

[4] *Id.* at § 3126(a)(7).

At trial, minor victim S.C. testified that when she was between the ages of four and six sometime in 2013-2014, she wet the bed while staying at the home of Woolery and Cruz Maria Woolery (Maria), her aunt and uncle. *See* N.T. Jury Trial, 6/5/23, at 98-99, 105. Maria told S.C. to take her wet clothes off and go sleep in Woolery's room. *See id.* at 105-06. S.C. testified that, after she got into bed with Woolery, he groped her chest and digitally penetrated her vagina. *See id.* at 106-08. While S.C. did not report this to the authorities or visit any healthcare professionals immediately following the alleged assault, S.C. and her mother, A.C., both testified that S.C. told her about the assault during a family trip to Spain in 2017 when S.C. was around eight years old. *See id.* at 72-75, 110-13.

In 2020, after S.C. brought scissors and knives to school with the intent to harm herself, S.C. was taken to an emergency room where she disclosed the assault to medical personnel. *See id.* at 78-79, 115-16. S.C. testified that, following the emergency room visit, she spoke with and made disclosures to a nurse practitioner, Morgan Griska,[5] and a forensic interviewer, Katelyn Tylka.[6] *See id.* at 116; *see also id.*, 6/6/23, at 200-02, 225-27.

---

[5] Griska testified, via video phone, about her assessment of S.C. and S.C.'s disclosures to her. *See id.*, 6/6/23, at 197-209.

[6] Tylka did not testify to what S.C. disclosed to her during the forensic interview, but instead the jury heard the entire recording of the forensic interview. *See id.*, 6/6/23 at 225-27.

- 2 -

As part of the criminal investigation, Officer Trevor St. Clair of the Manor Township Police Department spoke with Woolery. *See id.*, 6/6/23, at 243-47. On December 23, 2020, Woolery agreed to take part in a recorded interview with Officer St. Clair and Detective Trisha Mazur, which the Commonwealth played for the jury. *See id.* at 244-45, 247-49. The judge instructed the jury regarding muted portions of the video, telling the panel that the court and counsel had agreed to omit portions irrelevant to the case. *See id.* at 248. Counsel for the Commonwealth told the jury that the video would be muted from the "28th minute and 10-second mark to the 31st minute and 10-second mark." *Id.* at 249. Shortly after the video was unmuted, around the 31st minute and 55-second mark, Woolery states "I was a registered sex offender" before going on to give an explanation to the detectives of the events resulting in his registered offender status—namely, that he was falsely accused by his ex-paramour's minor daughter as a way of exacting revenge on him for ending the affair. *See* Commonwealth's Exhibit 5, Woolery Interview, at 31:55-41:00. At some point after the video was unmuted, the following exchange occurred at sidebar:

> [Defense Counsel]: I would argue that this is not relevant and, also, we are starting to get into the New York offense.
>
> [Counsel for the Commonwealth]: It is not stated in the video. I [muted] anything that would be stated.
>
> [Defense Counsel]: They are talking about the girl in New York.
>
> The Court: When do we get back on topic?
>
> [Counsel for the Commonwealth]: In a couple of minutes. I can't skip ahead. This video has been provided to defense years ago.

There was no objection. It was said multiple times we were playing this video. Just because he doesn't like what is being said doesn't mean it can't be said.

* * *

[Defense Counsel]: This is not relevant, I would say.

The Court: That may be the case, but we are too far down the road now [due] to the limited technology. If there was a concern, it could have been raised earlier. Quite frankly, for whatever irrelevance it may be, it is pretty harmless stuff, so I don't find any prejudice to your client in any way with this.

N.T. Jury Trial, 6/6/23, at 250-51.

After the Commonwealth finished playing the video to the jury, the following exchange took place:

[Defense Counsel]: Your Honor, for the record, I'd argue that this is irrelevant to [S.C.] and we are talking about an adult.

The Court: I believe the jury will be able to determine for themselves what is relevant. And as it relates to the specific charges in this case, not anything else in anybody's social life, which has no bearing upon the merits of the particular charges.

*Id.* at 251.

The court provided no additional instruction about the complained-of portion to the jury then or at the close of the trial. ***See id.*** at 251-52; ***see also id.***, 6/7/23, at 327-50. Woolery also testified at trial after the video was shown and denied the allegations against him or that he ever shared a room with S.C. ***See id.***, at 280-81, 283-84, 287, and 290.

On June 7, 2023, a jury convicted Woolery of the above-named offenses. On October 12, 2023, the trial court sentenced Woolery to an

aggregate term of twenty-seven years and six months' to fifty-five years' incarceration.  *See* N.T. Sentencing Hearing, 9/29/23, at 28-29.

Woolery filed post-sentence motions challenging the sufficiency and weight of the evidence and the discretionary aspects of his sentences, all of which the trial court denied.  Woolery then filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Woolery raises the following question for our review:

> Did the [c]ourt err in admitting a portion of Commonwealth Exhibit 5, from timestamp 31:10 to 41:00, where the evidence was not relevant and was prejudicial as [] Woolery was speaking about an unrelated adult affair in his past and being accused of previous sexual misconduct?

Appellant's Brief, at 6.

Woolery argues that the evidence admitted during the above-referenced portion of Exhibit 5 was "clearly not relevant to whether [] Woolery committed the crimes alleged . . . and was extremely prejudicial to [] Woolery."  *Id.* at 11.  The identified portion of Exhibit 5 contained Woolery "stat[ing] he is a sex offender" and "discuss[ing] a prior sexual affair he had as well as being accused of previous sexual misconduct."  *Id.*  Woolery avers that this evidence was irrelevant under Pennsylvania Rule of Evidence 401, that its admission was prejudicial to him, and that he preserved his objection to the admission

of the identified evidence under Pennsylvania Rule of Evidence 103.[7] *Id.* at 12-16.

The trial court opines that Woolery waived his claim by failing to preserve it at trial because "[Woolery]'s trial counsel failed to lodge a timely objection when the evidence was offered[.]" Trial Court Opinion, 2/26/24, at 6. The court reasoned that, though Woolery's counsel did object to segments of Exhibit 5 at trial, his "objection[s] simply came too late" as he "fail[ed] to assert his objection at a prior procedural juncture [which] resulted in unnecessary confusion and thwarted the [c]ourt's and the Commonwealth's ability to remedy any error." *See id.* at 11, citing *Commonwealth v. Montalvo*, 641 A.2d 1176, 1184 (Pa. Super. 1994); *see also id.* at 12, citing *State Farm Mut. Auto. Ins. Co. v. Dill*, 108 A.3d 882, 885 (Pa. Super. 2015). However, the court noted that "counsel informed [the court] that certain irrelevant portions of the recorded interview—namely those where [Woolery] mentioned that he had been convicted of sexual abuse in 2000 in

_____

[7] **(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:

> (1) if the ruling admits evidence, a party, on the record:
>
>> (A) makes a timely objection, motion to strike, or motion in limine; and
>>
>> (B) states the specific ground, unless it was apparent from the context[.]

Pa. R.E. 103.

New York State and was a registered sex offender—were going to be [muted]." *See* Trial Court Opinion, 2/26/24, at 7-8.

The Commonwealth likewise claims that Woolery waived his claim by making only vague and untimely objections, and by failing to do so prior to the remark having been heard by the jury. *See* Appellee's Brief, at 5, 8-9, citing *Commonwealth v. Griffin*, 412 A.2d 897, 901 (Pa. Super. 1979) (holding appellant had waived claim regarding admission of evidence because defense counsel only raised general objection prior to preliminary hearing testimony being read in at trial and did not raise subsequent objection thereafter to specific remarks read in and complained of on appeal).

We review for an abuse of discretion when assessing a trial court's decision regarding the admissibility of evidence. *See Commonwealth v. Williams*, 274 A.3d 722, 729 (Pa. Super. 2022). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such a lack of support so as to be clearly erroneous." *Id.* (citation omitted).

An issue not raised with the trial court is waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. Rule 302. A party claiming that a trial court admitted evidence at trial in error generally must preserve that claim for appeal by making a timely objection and stating the specific grounds for the objection. *See* Pa.R.E. 103. "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of

review is plenary." ***Commonwealth v. Bloomer***, 327 A.3d 1282, 1286 (Pa. Super. 2024) (citation omitted).

Here, Woolery properly and timely objected to the admissibility of the complained-of segment of the Commonwealth's Exhibit 5.[8]  ***See*** N.T. Jury Trial, 6/6/23 at 250-51.   Despite the Commonwealth's contention that Woolery's objection was insufficiently specific, Pennsylvania courts applying Rule 103 have noted that "[e]ven a general objection is adequate to preserve a challenge to an evidentiary ruling where the evidence is inadmissible for any purpose." ***See, e.g.***, ***Commonwealth v. Vucich***, 194 A.3d 1103, 1107 n.1 (Pa. Super. 2018) (citation omitted).  We, therefore, conclude that Woolery satisfied the specificity requirement of Rule 103 by objecting three separate times to the segment of Exhibit 5 complained of on appeal, identifying relevancy as the grounds for his objection, and delineating what he believed to be the irrelevant content.  ***See id.***; ***see also*** N.T. Jury Trial, 6/6/23, at 250 ("I would argue that this is not relevant and, also, we are starting to get into the New York offense.").

Woolery's objections also satisfied Rule 103's timeliness requirement because he raised them contemporaneously as the complained-of segments of Exhibit 5 were played.  ***See id.*** at 250-251.   The trial court and

---

[8] While the notes of testimony do not indicate what segments of Exhibit 5 were being played as Woolery's counsel objected, his objections were accompanied by sufficient detail to assess the issue now before us.  ***See*** N.T. Jury Trial, 6/6/23 at 250-51 (Woolery's counsel objecting when the video was "starting to get into the New York offense" and noting that the individuals in the video were "talking about the girl in New York.").

Commonwealth would have us read ***Griffin*** and ***State Farm*** to mean that Woolery must have objected *prior* to the complained-of segment of Exhibit 5 being heard by the jury to have preserved the issue for appeal. ***See*** Trial Court Opinion, 2/26/24, at 12; ***see also*** Appellee's Brief, at 8-9. Here, Woolery objected as the video was being played to the jury and when the Commonwealth finished its presentation of Exhibit 5—twice providing the trial court an opportunity to "correct" the "purported error" with a curative instruction. That is all our case law interpreting Rule 103 requires, and, therefore, Woolery's objections were timely and properly preserved the issue for appeal. ***See Commonwealth v. Wright***, 314 A.3d 515, 527 (Pa. Super. 2024) ("[I]t is axiomatic that issues are preserved when objections are made timely to the error or offense."). Woolery's claim was thus properly preserved for appeal under Rule 103.[9]

Moreover, it has not been directly argued, nor do we find support in the record for the notion that Woolery's counsel agreed—either explicitly or implicitly via acquiescence—to only muting the three minutes that were not played for the jury and, therefore, waived his objection by not objecting earlier or asking for the now complained-of section to be muted prior to trial. If anything, by the trial court's own statement, it appears that it and Woolery

---

[9] While we are doubtful of the Commonwealth's argument claiming Woolery waived the issue by "walking through the door and expanding upon" the complained-of statements on cross-examination, ***see*** Appellee's Brief, at 10, we need not address it because the Commonwealth waived that argument under Pa.R.A.P. Rule 2119 by failing to support it with citation to pertinent authority. ***See Commonwealth v. Reid***, 259 A.3d 395, 423-24 (Pa. 2021).

were both under the impression that the complained-of segment would be muted as well. *See* Trial Court Opinion, 2/26/24, at 7-8 (stating it was informed by counsel that complained-of segments would be muted). Accordingly, because Woolery's counsel believed the relevant segments were also going to be muted, he did not wait too long to object by doing so immediately after they were played for the jury at trial.

Next, the Commonwealth argues that the complained-of segments of Exhibit 5 were both admissible and probative. *See* Appellee's Brief, at 5. The Commonwealth posits that Woolery's statements and behavior during the video interview were relevant and necessary for the jury to assess because "[Woolery's] nervous answer might display consciousness of guilt, and everything from his words to his tone are an indicator of credibility." *See* Appellee's Brief, at 13-14.

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action. *See* Pa.R.E. 401. This Court has expanded on those two prongs by providing that "[e]vidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Sami*, 243 A.3d 991, 998 (Pa. Super. 2020) (citation omitted). However, even when evidence is relevant, it may be excluded when its probative value is outweighed by, *inter alia*, unfair prejudice. *See* Pa.R.E. 403.

- 10 -

With respect to the admission of evidence of a prior "bad act," such evidence is "inadmissible to show that a defendant acted in conformity with [prior bad] acts or to show criminal propensity" but may be admitted for several purposes outlined in Pa.R.E. 404 upon the requisite motion. **See Sami**, 243 A.3d at 998. The probative value of evidence of prior bad acts must also be weighed against its prejudicial impact. **See id.**

The challenged segment of Exhibit 5 included Detective Mazur asking Woolery about "the issue with [his former paramour's] daughter" and Woolery's reply, which included his admission that "[he] was a registered sex offender[.]" **See** Commonwealth's Exhibit 5, Woolery Interview, at 31:10-32:12. We will consider that statement as evidence of a prior bad act because it is similar, if not identical, in nature to evidence of prior bad acts this Court has previously analyzed under Rule 404. **See, e.g.**, **Commonwealth v. Lowmiller**, 257 A.3d 758, 765 (Pa. Super. 2021) (analyzing admission of defendant's sexual offense conviction at trial for statutory sexual assault under Rule 404).[10] Instantly, the Commonwealth did not attempt to introduce Woolery's admission for a legitimate purpose under Rule 404—to show motive, knowledge, identity, etc.—or by filing the requisite motion. Moreover, we consider the jury hearing that Woolery was a registered sex offender to have been highly prejudicial and not outweighed by any probative value that the

---

[10] While this Court recognizes that Woolery admitted to his status as a registered sex offender and not to a conviction for a sexual offense, we consider that a distinction without a meaningful difference.

statement or his behavior in making it (or throughout the rest of the complained-of segment) may have carried.[11] Woolery's admission was therefore inadmissible as it was highly prejudicial evidence of a prior bad act not offered for any legitimate purpose. **See Commonwealth v. Green**, 271 A.3d 393, 404-05 (Pa. Super. 2021) (finding admission of evidence that defendant was involved in prior shooting improper at trial for murder via firearm).

Last, the trial court reasoned that it did not abuse its discretion in admitting the challenged segments of Exhibit 5 because doing so "appeared to be the least prejudicial path forward" at the time.[12] **See** Trial Court Opinion, 2/26/24, at 12. The Commonwealth likewise argues that "any error in the admission of the challenged portion of the recorded statement is harmless error." **See** Appellee's Brief, at 5-6. The Commonwealth points out that this Court has found the admission of prejudicial evidence to be harmless error in light of overwhelming evidence of a defendant's guilt. **See id.** at 14-15, citing **Commonwealth v. Thomas**, 279 A.2d 20, 26 (1971). It argues that, here, there was sufficiently cumulative, corroborating, and unchallenged evidence

---

[11] The complained-of segment relating to his "New York offense" has little probative value in the eyes of this Court.

[12] The trial court recognized the potential validity of Woolery's relevancy objection when his counsel raised it at trial but considered the trial to be "too far down the road now[.]" **See** N.T. Jury Trial, 6/6/23, at 250.

such that any admission in error would be harmless. **See** Appellee's Brief, at 14-15

> An error is harmless where:
>
> (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

**Commonwealth v. Jones**, 240 A.3d 881, 892 (Pa. 2020) (citation omitted). The instant matter concerns the third prong and requires an analysis of whether the admitted evidence renders the defendant's guilt undeniable to the extent that any admission in error could not have contributed to the verdict. It is the Commonwealth's burden, here, to "establish harmlessness beyond a reasonable doubt." **See Interest of J.M.G.**, 229 A.3d 571, 578 (Pa. 2020), citing **Commonwealth v. Story**, 383 A.2d 155 (Pa. 1978). If, based upon the Commonwealth's showing, this Court is unable to determine that the error could not have contributed to the verdict, we cannot find the error harmless. **See Interest of J.M.G.**, 229 A.3d at 580, citing **Story**, 383 A.2d at 164.

We find that the admission of Woolery's statement regarding his sex offender status was not harmless error. The jury was asked to determine whether Woolery committed sexual assault against a minor. Our Supreme Court has likened trials such as this one—where the evidence consists of

- 13 -

competing narratives regarding a sexual assault and a lack of physical evidence—to "credibility contest[s,]" wherein the jury must decide whether to believe the victim and other testimony corroborating their account, or the defendant. *See Commonwealth v. Rivera*, 296 A.3d 1141, 1160 (Pa. 2023). Evidence admitted in error that either strengthens or harms a witness's testimony—particularly the testimony of the victim or defendant— has been held not to be harmless error in several similar cases. *See id.* at 1161 (admission of evidence undermining defendant's credibility was not harmless error in sexual assault case); *see also Jones*, 240 A.3d at 892 (admission of evidence bolstering prosecution witness' credibility was not harmless error in sexual assault case); *Commonwealth v. Williams*, 274 A.3d 772, 735 (Pa. Super. 2022) (admission of evidence bolstering prosecution witness' testimony was not harmless error in sexual assault case). Therefore, because we cannot say that the admission of Woolery's statement that he was a registered sex offender did not undermine his credibility or

impact the jury's verdict otherwise, we cannot consider the trial court's error harmless.[13]  ***See J.M.G.***, ***supra.***[14]

While best practice would have been for Woolery's counsel to review the recording and ensure that the complained-of sections would be muted via a memorialized agreement or motion *in limine*, he had the right to rely on the Commonwealth's representation,[15] as the Commonwealth either knew or should have known that the evidence of prior bad acts would be unduly prejudicial to Woolery.  That being the case, this Court cannot say that the introduction of such evidence was harmless, and, therefore, the trial court's

_____

[13] We observe that the Commonwealth chose not to omit other excerpts that this Court considers potentially prejudicial and irrelevant, such as several statements or questions made or asked by Woolery or Detective Mazur indicating their familiarity with one another.  ***See*** Commonwealth's Exhibit 5, Woolery Interview, at 2:26-2:50, 4:17-4:19, 9:21-9:29, 24:01-24:46; ***see also id.*** at 27:23-28:09 (Woolery naming "[his former paramour's] daughter," when asked if he knew who may have made allegation against him regarding "sexual contact"); ***id.*** at 31:10-31:18 (Detective Mazur asking about and referring to "the issue with [his former paramour's] daughter" immediately after video was unmuted).

[14] While a curative instruction would not have definitively remedied the error here, we do note that the lack of such an instruction bolsters our conclusion. ***See Rivera***, 296 A.3d at 1161-62 n.19; ***see also Commonwealth v. Turner***, 454 A.2d 537 (Pa. 1982) (remanding due to admission of prejudicial evidence despite trial judge providing curative instruction).

[15] ***See*** Trial Court Opinion, 2/26/24, at 7-8 (stating it was informed by counsel that complained-of segments would be muted).

refusal to provide a cautionary instruction or declare a mistrial was an abuse of discretion. Accordingly, Woolery is entitled to a new trial.[16]

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/16/2025

---

[16] The significant emotional impact that retrying Woolery will have on S.C. and her family is not lost on this Court. This Court, however, cannot allow a violation of a defendant's constitutional right to a fair trial to go unremedied.